Rockford Education Association *et al.*, Plaintiffs-Appellants, *v.* The Board of Education of School District No. 205 of Winnebago County, Defendant-Appellee.

(No. 72-27;

Second District—April 26, 1973.

Drach, Terrell & Deffenbaugh, of Springfield, for appellants.

Pedderson, Menzimer, Conde & Stoner, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs, Bernard Frazer and Jerry Aures, two teachers who were completing their first year of service, were notified by the defendant Board of Education that they would not be rehired for the succeeding year. The plaintiff, Rockford Education Association, joined with them in filing a complaint for a declaratory judgment to nullify the dismissal

procedure and to require that the plaintiff teachers be rehired. They appeal from an order dismissing the suit on the motion of the Board.

We are asked to construe Section 24—11 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—11) which provides as material here that a first year probationary teacher "shall receive written notice from the employing board at least 60 days before the end of any school term whether or not he will be re-employed for the following school term. If the board fails to give such notice, the employee shall be deemed re-employed, * * *".

It appears from the pleadings that a 60-day notice was given on April 6, 1971, to the plaintiff teachers, together with all other first year teachers at the school, notifying them that because of insufficient funds all teachers who had not entered upon contractual continued service would be dismissed. The notice further provided that should money become available, The Board would tender reinstatement offers to as many of the teachers as possible. On April 28, 1971, the Board sent reinstatement letters to 86 of the dismissed teachers. It was conceded that the April 6 letters of dismissal were received before the 60 days from the end of the school term. The complaint charges the Board with bad faith and subterfuge, alleging that it had no intention of dismissing all first year teachers when the initial notice was sent out; that to have done so would have prevented the school district from functioning and would have violated the professional negotiation agreement in effect between the teachers and the Board relating to maximum class sizes and other standards.

■■ We agree with the trial court's finding that the allegations of the complaint do not state a cause of action. It is clear that the literal requirements of the statute were met. And a reading of the School Code in its entirety affords no basis for us to reinterpret the clear language of Section 24—11 so as to deter a school board because of alleged improper motives.

■■ The Teacher Tenure Law here in question was enacted for the protection of teachers of experience and designed to eliminate political, partisan or capricious considerations by a board of education in dealing with them. (*Donahoo v. Board of Education* (1953), 413 Ill. 422, 425-426; *NcNely v. Board of Education* (1956), 9 Ill.2d 143.) Plaintiffs have cited these cases but neither support their position here. In *Donahoo,* the court was ruling on a requirement that a specific reason be given for not renewing a second year probationer's contract; while *McNely* refers to similar language requiring the giving of a specific reason as applied to a superintendent who had been employed for over two years and was under contractual continued service when his job was eliminated.

■■ The School Code vests the board of education with the authority

to dismiss teachers. (Ill. Rev. Stat. 1971, ch. 122, par. 10—22.4.) Such authority is limited only by Sections 24—11 to 24—15, inclusive. Under Section 24—11, a teacher having completed just one year of probation is only entitled to notice of dismissal 60 days before the end of the school year; whereas under Section 24—12, a teacher in contractual continued service status is entitled to procedural protection such as a hearing, specific charges and proper cause, warnings in remediable cases, and preference in rehiring where dismissal is due to the decrease in the number of teachers. The Teacher Tenure Law appars to be designed primarily for the protection of tenured teachers, evidencing an intent to give first year probationary teachers the least amount of protection and the board the maximum amount of flexibility in dealing with such teachers so long as the notice requirement is fulfilled. *People ex rel. Ruff v. School Directors* (1948), 335 Ill.App. 445, 448. See also *Hankenson v. Board of Education* (1957), 10 Ill.2d 560, 563.

Presumably the purpose of the 60-day-notice provision to first year probationary teachers is to provide them with some certainty as to whether or not they will be employed at the school for the next term. Here, the notice did give the plaintiffs information that the board might not rehire them and that they could seek employment elsewhere. The Board's good faith or lack of it would have no bearing on the understanding of a teacher that he individually could not be sure of being rehired so that he could seasonably look for other employment. Thus the notice serves a purpose of avoiding prejudice to teachers, regardless of the Board's motives. We have been advised in oral argument that a number of the teachers had, in fact, taken other employment at the time of the reinstatement offer, which lends some practical illustration of the effect of the notice.

We affirm the judgment below.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.