Robert F. Davis *et al.*, Plaintiffs-Appellants, *v.* Board of Education of Aurora Public School District No. 131, of Kane County, Defendant-Appellee.

(No. 72-312;

Second District—June 5, 1974.

Drach, Terrell & Deffenbaugh, of Springfield, for appellants.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs, tenured teachers of the defendant (Board), appeal from an order dismissing their complaint for declaratory judgment wherein they sought salaries equal to those of other teachers within the same district.

Questions raised are: were plaintiffs denied a salary commensurate to those paid other of the Board's teachers solely because plaintiffs declined

to sign a new contract; could the Board refuse plaintiffs the amount prescribed in the salary schedule adopted for the current school year (1971-72); and in the event that plaintiffs' salaries must be determined on the basis of the prior contract (1970-71), are they entitled to an increment under the salary schedule in force at that time?

The stipulated facts reveal that Aurora Education Association, East, (AEAE) was recognized by the Board as the teachers' bargaining representative. On June 9, 1971, AEAE met and passed a resolution that the teachers "will not return to the classroom in the fall if there is at that time no satisfactory settlement of the contract between the Board of Education and the AEAE and further that an open meeting be held on September 2 for all teachers to assess the position of the AEAE at that time." (The fall school term commenced on September 7, 1971.)

The Board interpreted this action as a threat to strike and, on June 21, 1971, counteracted by forwarding a new contract to all of the teachers in the district. In addition to providing for an increase in salary and other benefits, the contract contained a provision assuring the Board that the individual who signed would report ready for work at commencement of the fall term and "would not participate in a work stoppage, withholding of services, or strike, during the school year 1971-72." On July 29, 1971, the Board sent a follow-up letter wherein the teachers who had not yet signed the new contract were given the following options:

> "A) the right to sign the contract dated June 21 previously sent * * * by the Board of Education. (A duplicate is available upon request.)
>
> B) the right to return to the district in accordance with section 24—11 of the School Code. The insurance benefits and salary terms would be the same as last year."

Plaintiffs did not sign the contract but did return to work in September.

The plaintiffs maintain that the Board may not arbitrarily require a tenured teacher to execute a contract nor, on the basis of that teacher having refused to sign a contract containing provisions relative to matters other than salary and terms of employment, can the Board refuse to pay him an amount equal to that paid other teachers.

■■ While the law does not require tenured teachers to sign a new contract, it has also established that in Illinois a Board may enter into new contracts of employment with tenured teachers. (*Donahoo v. Board of Education*, 413 Ill. 422, 427 (1952).) The effect of each of these alternatives is distinct: under the first, the "unsigned" tenured teacher continues, automatically, under the terms and conditions contained in the previous year's contract (*Allen v. Maurer*, 6 Ill.App.3d 633, 642 (1972)), whereas in the second instance, the "signed" tenured teacher may rely upon the terms and conditions within the new contract.

■■ Here, the central issue is whether the salary distinction, based upon the teachers' signing or refusing to sign a new contract, is arbitrary, capricious or unreasonable. The Board treated all teachers equally, giving each the option of receiving the increased benefits by signing the new contract. Tenured teachers could neither be required to sign nor could they be removed for their failure to do so. The option of signing was that of the teachers'. Plaintiffs opted not to sign and now receive less pay than those tenured teachers who executed the new contract. We do not find this to be arbitrary, capricious or unreasonable.

Parenthetically, we note that it would be basically unfair to apply the benefits of the new contract to those who refused to sign when they, by refusing, declined to obligate themselves to the terms and conditions imposed upon those who did sign.

Plaintiffs maintain that the Board may not refuse to pay a teacher an amount prescribed in the salary schedule adopted for the school year despite the fact that that schedule was attached to the contract which plaintiffs refused to sign because of other matters therein. We find two salary schedules in effect for the 1971-72 school year; the schedule under the new contract and the schedule under the previous contract. The current schedule applied only to those teachers who signed the new contract; the previous schedule was applicable to those tenured teachers who refused to sign the new contract but returned to work. Such intent is clearly manifested within the Board's letter of July 29, 1971, and having by their actions accepted the Board's option "B" therein, plaintiffs cannot now claim a right to a salary provided for within a contract they did not sign. A distinction in salary based on the signing or failure to sign a new contract is legally effective. In *Donahoo v. Board of Education,* 413 Ill. 422, 427 (1953), the court stated:

> "The Teacher Tenure Law does not make it mandatory upon the teacher to either accept or reject. Of course, if an offer was properly made and unconditionally accepted, it would be in force according to its terms, but if not accepted or conditionally accepted, then the provisions of the Teacher Tenure Law apply."

■■ Plaintiffs maintain that if they are not entitled to be paid under the salary schedule adopted by the Board for the school year 1971-72, they are entitled to the increment under the salary schedule adopted for the school year 1970-71. Section 24—11 of the School Code (Ill. Rev. Stat. 1969, ch. 122, § 24—11) has been construed to allow a tenured teacher to return to work without a new contract and to receive the previous year's salary. (*Donahoo v. Board of Education, supra; Lippincott v. Board of Education,* 342 Ill.App. 642, 649-50 (1951).) We initially note that the first sentence of option "B" is not a salary offer but a restatement of the statutory provision permitting a tenured teacher the

right to return to work. Were this the only provision of the option, plaintiffs would clearly be limited to last year's salary. Within option "B", however, the Board explained that "the insurance benefits and salary terms would be the same as last year." By using the words "salary terms" (of broader meaning that "salary") the Board proposed to continue the 1970-71 salary schedule for those teachers who declined to sign the new contract but returned to work. Under that schedule, plaintiffs are entitled to a salary increment for an additional year's experience. Having by their performance accepted the Board's option "B", plaintiffs are entitled to the salary increment effective under the old contract. On this point the judgment is reversed and the cause remanded with directions that plaintiffs be paid their salary increment under the 1970-71 salary schedule. In all other respects the judgment is affirmed.

Judgment affirmed in part, reversed in part and remanded with directions.

SEIDENFELD and RECHENMACHER, JJ., concur.