DONNA BROWN, Plaintiff-Appellant, *v.* BOARD OF EDUCATION, GALATIA COMMUNITY UNIT SCHOOL DISTRICT NO. 1, Defendant-Appellee.

Fifth District   No. 75-251

Opinion filed April 30, 1976.

Paul T. Austin, of Winters, Morgan & Austin, of Marion, and Edward J. Kionka, of Belleville, for appellant.

Donald V. Ferrell, of Jelliffe & Ferrell, of Harrisburg, for appellee.

Drach, Terrell & Deffenbaugh, P. C., of Springfield, for *amicus curiae* Illinois Education Association.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from the circuit court of Saline County, where the trial court entered a judgment for the defendant in an action for the issuance of a writ of mandamus to compel the defendant board of education, Galatia Community School District No. 1, to offer plaintiff a teaching position and reinstate her continued contractual service status.

Plaintiff Donna Brown began teaching for the Galatia Community School District in 1957 and continued through the 1973-74 school year with the exception of two maternity leaves. She acquired continued contractual service status (herein referred to as tenure) in accordance with the School Code (Ill. Rev. Stat. 1959, ch. 122, par. 24—2), at the beginning of the 1959-60 school year. Her tenure status is undisputed until the 1972-73 school year. The dispute arises as a result of a chain of events that allegedly took place beginning in the spring of 1972.

The plaintiff contends that in the spring of 1972 she had a discussion with Virden Garrett, superintendent of the Galatia Community School District No. 1, concerning the 1972-73 school year. The gist of the discussion, according to the plaintiff, was a request by the superintendent that she teach perhaps one-half time due to a decrease in enrollment in the classes which the plaintiff taught. Plaintiff contends that as a result of this conversation, she wrote the following undated, unsigned note to the superintendent acquiescing in his request:

"I make no demand that I be placed in the job for the following year. Use your judgment in determining what would be best for the school. I will accept half day work with elimination of yearbook and newspaper, a years leave, or part time English, PE, business subjects and the yearbook but not chearleading sponsor."

In our judgment this letter meant that the plaintiff offered to accept either a year's leave of absence, work one-half time, or part time. Although Garrett denied that he had the conversation in question with the plaintiff and denied that the note was delivered to him in the spring, he did prepare three alternate schedules for submission to the Board in March of 1972, "one was full time, and one was ½ time and one not at all." It is also undisputed that he talked with the plaintiff prior to the time he submitted the schedule to the Board.

On August 10, 1972, at the suggestion of Garrett, the plaintiff wrote a second letter addressed to Garrett which read:

"Mr. Virdon Garrett, Superintendent
Board of Education
Galatia Community Unit 1
Galatia, Illinois
Gentlemen:

As a result of a recent thorough physical examination at Welborn Hospital, my doctors advised me to reduce my work load in order to improve my health. I would like to work only mornings in the business department during the 1972-73 school year. As the schedule is set up now, I would be teaching Typing I 1st hr., Conference 2nd hour, Typing II 3rd hr., and Bookkeeping 4th during the mornings.

* * *

Your permission to do the above will be greatly appreciated. This extra rest should enable me to return as a full-time teacher the following 1973-74 school year.

Yours truly,
/s/ Donna Brown
Mrs. Donna Brown"

This letter was delivered by Garrett to the School Board. The Board acknowledged the receipt of the second letter and at the meeting of August 14, 1972, granted the request for a half-time teaching load for the 1972-73 school year. The granting of the plaintiff's request is not in dispute. The Board did not discuss the effect of this one-half time request on her tenure status. A Board member testified that it was not his intention that she would lose tenure by accepting the half-time teaching assignment.

The plaintiff taught half time during the 1972-73 school year, with the exception of 12 days sick leave. The Board paid her for the 12 days sick leave during the school year as if she were a tenured teacher. Also, in June of 1973, the Board approved reinstatement of the plaintiff to full-time teaching for 1973-74 school year.

It was not until the Board meeting of July 23, 1973, that the issue of plaintiff's tenure was disputed. At this meeting, the Board ordered the 12 days sick leave deducted from her salary, because "Mrs. Brown not being on tenure last school year [1972-73] she was not entitled to 12 half days of sick leave." The Board apparently believed that, by teaching half time, the plaintiff lost her tenure status. The plaintiff then filed the original action in this case against the Board to recover the amount deducted from her pay for the 12 days sick leave. While the action was pending, the plaintiff taught full-time during 1973-74.

On March 11, 1974, the plaintiff received the following notice:

"NOTICE TO TEACHER COMPLETING FIRST YEAR OF PROBATIONARY PERIOD OR EMPLOYED ON A FULL-TIME BASIS NOT LATER THAN JANUARY 1 OF SCHOOL TERM

TO Donna Brown:

You, as a teacher in the schools of School District No. One of the County of Saline and State of Illinois, are hereby notified by registered mail at least 60 days before the end of the present school term that you are hereby not re-employed as such teacher to become effective at the end of such school term. Such results from the decision of the Board of Education of such School District on the 11th day of March, 1974.

Dated this 12th day of March, 1974.

> The Board of Education of School District No. One of the County of Saline and State of Illinois.
> By /s/ Howard Wilson
> President
> And /s/ Billy R. Moore
> Clerk or Secretary of the School Board of Said School District."

Shortly thereafter she sent a letter by certified mail to Howard Wilson, then president of the school board, which he received on March 18. It stated:

> "By this letter, Donna Brown of Galatia, Illinois, hereby requests a hearing upon specific charges pursuant to Illinois Revised Statutes, Chapter 122, Section 24—12, concerning her discharge by the Galatia School Board as a teacher in the Galatia High School on the 11th day of March, 1974."

No response was ever made to this letter, and she was never given a list of the specific charges against her. She was not offered a contract or rehired for 1974-75.

After receiving notice that she was not going to be rehired for 1974-75, she attempted to get employment by applying at schools in the area. These attempts were unsuccessful. She did get a job teaching an adult class in office machines at Southeast Illinois College, but it was discontinued after three nights because there were not enough students.

There was no decrease in the number of teachers teaching in the school system in 1974-75 from the number that were teaching in 1973-74. During 1974-75 the plaintiff's business courses were offered and were taught by Karen Knight, who was employed the previous year in the grade school, and her English course was offered and taught by Holly Stump, who was also teaching in the system the previous year. Karen Knight was replaced in the grade school by hiring a new teacher, Janet Davenport.

On August 20, 1974, she filed a two-count amended complaint. Count I was a complaint for a writ of mandamus to command the defendant school board to offer plaintiff a teaching contract for the 1974-75 school year. Count II was a suit for declaratory judgment declaring that she is and has been a tenured teacher and that the action of the Board in terminating her tenure status was illegal.

The defendant filed an answer on February 24, 1975. It admitted that plaintiff had entered upon contractual continued service beginning with the 1959-60 school year pursuant to Section 24—2 of the School Code (Ill. Rev. Stat. 1959, ch. 22, par. 24—2). It also admitted that by mutual agreement between plaintiff and defendant and for the mutual benefit of

both parties, plaintiff agreed to and did teach one-half time in the Galatia High School for the school year 1972-73. It further admitted that the Board offered and plaintiff accepted a full-time teacher's contract for the school year 1973-74. And it admitted the allegation that the defendant notified plaintiff that a teacher's contract would not be offered to her for the 1974-75 school year. The Board also filed two affirmative defenses: (1) that plaintiff was barred by the statute of limitations as she did not pursue her remedies under the Illinois Administrative Review Act, and (2) that plaintiff abandoned her contractual relationship with the defendant and thereby forfeited her rights of tenure.

A hearing was held on February 24, 1975. Plaintiff called as witnesses the president of the school board, Howard Wilson, the superintendent, Virden Garrett, and Donna Brown. Defendant adopted plaintiff's evidence, and offered no evidence of its own except the two letters previously referred to.

The trial court entered judgment for the defendant school board.

The defendant argues that the plaintiff lost her status as tenured teacher when she taught one-half time from 1972 to 1973, because the pertinent statutes require a teacher to teach full time in order to maintain her tenure. Defendant relies on section 24—11 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—11), which provides that a full-time teacher who had been employed for a probationary period of two years shall enter upon contractual continued service, section 24—6 (Ill. Rev. Stat. 1971, ch. 122, par. 24—6), which mandates that school districts grant full-time teachers and other employees sick leave provisions, and section 24—6.1 (Ill. Rev. Stat. 1971, ch. 122, par. 24—6) which allows school districts to grant sabbatical leave to teachers after six years of full-time employment.

In our opinion, this argument is not logical. The fact that section 24—11 requires two years of full-time teaching for a teacher to acquire tenure does not mean that the teacher must continue to teach full time to maintain that status. If the legislature desired this result, it would have been very simple for them to place this requirement in the School Code. Section 24—6, which mandates sick leave for full-time teachers, suggests that there are part-time teachers employed at times by school boards. Section 24—6.1, which permits sabbatical leave after six years full-time employment, does not mean that a school board cannot employ part-time teachers by mutual agreement.

Plaintiff contends that her status during 1972-73 was, in effect, a partial leave of absence mutually agreed upon, or an absence caused by temporary illness or incapacity, and thus in accord with section 24—13 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—13), which provides for mutually agreed upon leaves which do not affect one's tenure

status. Therefore, the plaintiff's tenure status was not affected by the board granting this request. The relevant section of the School Code follows:

> "The contractual continued service status of a teacher is not affected by his promotion, absence caused by temporary illness or temporary incapacity as defined by regulations of the employing board, leave of absence mutually agreed upon between the teacher and the board, or because of absence while in the military service of the United States. If a teacher is elected to serve in the General Assembly, the board shall grant him a leave of absence if he so requests. A teacher employed to replace one in the military service of the United States or one serving in the General Assembly does not acquire contractual continued service under this Article. As amended by act approved Sept. 1, 1967." Ill. Rev. Stat. 1971, ch. 122, par. 24—13.

The defendant argues that plaintiff is not within the protection of section 24—13 because that section of the statute is applicable only when a teacher is absent. Therefore, since plaintiff was not absent, section 24—13 does not apply.

We agree that section 24—13 is not applicable in this case because plaintiff was never really absent or on leave. However, this does not mean that plaintiff lost her tenure by teaching half time during the 1972-73 year by agreement with the defendant. If she was not "absent," then she did not need the protection of section 24—13. Nowhere in the statute does it provide that a teacher loses tenure merely by accepting a reduced teaching load for one year. While the law in Illinois does not require tenured teachers to sign a new contract, it has also established that a Board may enter into new contracts of employment with tenured teachers. *Donahoo v. Board of Education,* 413 Ill. 422, 427; *Davis v. Board of Education,* 19 Ill. App. 3d 644.

It would be absurd to hold that Donna Brown's total absence during the 1972-73 school year would qualify under section 24—13 and result in no loss of tenure, but that her partial absence could be used by the Board to terminate the tenure which she had enjoyed for 13 years.

■■ Defendant also contends that the plaintiff resigned or abandoned her tenure status as evidenced by the two letters written by the plaintiff. The defendant argues that the plaintiff abandoned her teacher's contract by not requesting full-time teaching for the 1972-73 school year. The defendant further alleges that the two letters written by the plaintiff evidence an intent to abandon her contract. It is true that a teacher may lose tenured status by resignation or abandoning an obligation to teach, but no reasonable interpretation of the two letters written by the plaintiff would indicate an attempt to abandon or resign.

Abandonment of a teacher's contract requires much more than a letter expressing a desire to teach half time, or asking the board to use its judgment in determining what is best for the school. Abandonment usually involves a clear manifestation of unwillingness to teach. A resignation, to be an effective waiver of right, requires an intent to terminate employment. 78 C.J.S. *Schools and School Districts* §206 (1952).

The letters written by the plaintiff do not indicate an intention to terminate employment. On the other hand, both letters manifest a willingness to teach. The first letter, which was undated and unsigned, not only shows a willingness to teach half time but also an intent to follow the Board's wishes. The second letter is even farther from a resignation. The last paragraph of this letter asks the Board's approval of the plaintiff's request for a half-time teaching load and expressly stated the plaintiff's wish to return to full-time teaching the following year.

■■ Defendant also contends that plaintiff's sole remedy was to appeal the action of the Board under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, pars. 264-279). In our opinion, the Administrative Review Act is not applicable to the facts of this case since there was no administrative proceeding from which an appeal could have been taken.

First, under the School Code, the Administrative Review Act is applicable only to the review of dismissals of tenured teachers after a hearing held in accordance with the provisions of section 24—12 of the Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—12). This section provides an elaborate procedure for a hearing on the issue of "cause" for the dismissal of tenured teachers. It then provides:

> "The decision of the board as to the existence of reasons or causes for dismissal or removal is final unless reviewed as provided in Section 24—16 of this Act."

Section 24—16 of the School Code, which contains the only reference in article 24 to the Administrative Review Act, states, in part:

> "The provisions of the 'Administrative Review Act' * * * shall apply to and govern all proceedings instituted for the judicial review of final administrative decisions of the school board under Section 24—12 of this article."

In the instant case there was no such administrative decision. The defendant board has consistently taken the position that plaintiff is not a tenured teacher, and therefore section 24—12 is not applicable to her. It purported to act under section 24—11, which governs the dismissal of nontenured teachers. Defendant ignored plaintiff's timely request for a hearing and specification of charges, presumably on the theory that she was a nontenured teacher and was therefore not entitled to a hearing and could be terminated without cause. Having done so, it cannot now be

heard to say that sections 244—12 and 24—16 apply.

Then too, there was no administrative determination from which any appeal could have been taken. The Administrative Review Act provides the method for appealing administrative decisions which are in the nature of quasi-judicial orders. Of necessity, there must be some sort of opportunity to be heard at the administrative level. *Lenard v. Board of Education,* 26 Ill. App. 3d 188, 324 N.E.2d 657.

■■ In our opinion, the trial court erred in dismissing counts I and II of plaintiff's amended complaint. However, since count I of plaintiff's amended complaint sought a writ of mandamus to command the school board to offer a teaching contract to the plaintiff for the school year 1974-75, and since that time has passed, this issue has become moot. We therefore dismiss plaintiff's appeal as to count I. *(La Salle National Bank v. City of Chicago,* 3 Ill. 2d 375.) Since plaintiff will be able to obtain all the relief she is entitled to under count II of her amended complaint, our dismissal of count I should not prejudice her in any future proceedings she may pursue with the school board over this matter.

For the foregoing reasons plaintiff's appeal as to count I of her amended complaint is dismissed because the issues in that count are moot. The judgment of the trial court dismissing count II of plaintiff's amended complaint is reversed and this case is remanded to the circuit court of Saline County for further proceedings consistent with this opinion.

Reversed and remanded.

EBERSPACHER and CARTER, JJ., concur.