GINGER LEE HUETTEMANN, Petitioner-Appellant, *v.* BOARD OF EDUCATION OF ROCHESTER COMMUNITY UNIT SCHOOL DISTRICT NO. 3A of SANGAMON COUNTY, Respondent-Appellee.

Fourth District   No. 14618

Opinion filed February 7, 1978.

Drach, Terrell & Deffenbaugh, P. C., of Springfield, for appellant.

James R. Potter, of Londrigan and Potter, P. C., of Springfield (Alexandra de Saint Phalle, of counsel), for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal presents what appears to be a question of first impression in Illinois—does the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 1—1 *et seq.*) mandate the preferential rehiring of probationary teachers? We answer in the negative.

Plaintiff, Ginger Lee Huettemann, was employed by the defendant, Board of Education, Rochester Community Unit School District No. 3A (Board) during the 1974-75 school terms. She is a certified teacher holding a certificate authorizing her to teach grades kindergarten through twelve with a special in physical education. She received timely notice that she would not be reemployed for the 1976-77 school years by reason of a reduction in staff. No question is raised concerning the validity of the notice. Later in the summer, the defendant Board decided to reinstate the position which plaintiff had held and which had been eliminated as part of the staff reduction. Plaintiff applied for the position and was refused. Another teacher, who, like plaintiff, had not attained tenured status was hired.

Plaintiff then filed a complaint for mandamus and declaratory judgment in the circuit court of Sangamon County. In substance, it sought reinstatement of plaintiff to her former position. The trial court dismissed the complaint on motion and this appeal followed.

Before proceeding to the merits of the controversy, we deem it helpful to review some basics regarding the status of teachers under the School Code, especially with reference to dismissal and reinstatement.

Under section 24—11 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—11) teachers are divided into three groups: (1) first year probationers, (2) second year probationers, and (3) teachers in contractual continued service, more commonly called tenure. Any teacher who has been employed full time on a probationary status for two consecutive school terms attains tenure on being reemployed for the third year.

The dismissal of a first year probationary teacher requires only simple notice thereof 60 days before the end of the term. Dismissal of a second year probationary teacher requires a similar notice, but one stating the reasons therefor. Dismissal of a tenured teacher requires a hearing and other proceedings not involved here.

Plaintiff, as can be determined from the factual statement at the opening of this opinion, was a second year probationer and received

proper notice of dismissal together with a certificate of honorable dismissal. No question is raised, or even suggested, as to plaintiff's unfitness. The dismissal resulted from the Board's determination to reduce the number of teachers.

The basis of plaintiff's suit in mandamus is section 24—12 of the Code which in part reads:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the Board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. If the board within 1 calendar year thereafter increases the number of teachers or reinstates the position so discontinued, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions." Ill. Rev. Stat. 1975, ch. 122, par. 24—12.

Plaintiff relies on the last sentence of the above quoted portion and uses the definition of "teacher" taken from the preceding section 24—11 which reads: "As used in this and the succeeding Sections of this Article, 'teacher' means any or all school district employees regularly required to be certified under laws relating to the certification of teachers* * *." Ill. Rev. Stat. 1975, ch. 122, par. 24—11.

As interpreted by plaintiff, by applying the section 24—11 definition of teacher to the last sentence of the quoted portion of section 24—12, the statute requires the tendering of the reopened positions to probationary teachers. Plaintiff further argues that if the last sentence of section 24—12 was intended to mean only tenured teachers, the legislature could have said so, and since it did not, the sentence means all teachers, probationary and tenured.

■■ We cannot interpret the definition so broadly. It was obviously used in its generic sense to differentiate teaching personnel from aides, custodial and maintenance people, cafeteria workers, administrative workers, supervisory personnel, and all the other myriad types of persons employed by a modern school system. The very title of the statutory section (24—12) refers to "teachers in contractual continued service," and numerous references in the section to "teachers" clearly, by their context,

can mean only tenured teachers. No case, decided under this section, which deals primarily with removal and dismissal of tenured teachers, has ever held it to apply to probationary teachers.

Furthermore, plaintiff's interpretation ignores a small but significant adverb, the word "so." The early part of section 24—12 speaks of tenured teachers and their removal and dismissal on account of staff reductions; it then adds a caveat that all nontenured teachers shall be dismissed first; it then provides for the reinstatement under the conditions described of the teachers "so" removed, *i.e.*, the tenured teachers. In this sense, the legislature did designate tenured teachers; if the word "so" had been omitted, there might be some greater force to plaintiff's argument.

■■ The entire statutory scheme is one of protection for the tenured teacher at the expense of the probationer. We have no desire to question the wisdom of the plan, since it is legislative in origin, and because it creates a liability which has not previously existed, it must be construed strictly in favor of the Board. *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7.

■■ Plaintiff argues that unless this court allows preferential rehiring of probationers, a school board may embark upon wholesale dismissal of probationers before they can attain tenure. We recognize that such a possibility exists and has in fact occurred. (See *Rockford Education Association v. Board of Education* (1973), 11 Ill. App. 3d 78, 296 N.E.2d 100.) Any recourse must be either to the legislature or to the ballot box.

Further evidence of the inferior position of the probationary teacher is found in *Burns v. Board of Education* (1977), 47 Ill. App. 3d 589, 362 N.E.2d 353, wherein the court held that upon dismissal of the second year probationer, the board is required to give specific and truthful reasons for the dismissal and mandamus will not lie unless the reasons were clearly arbitrary and without foundation in fact.

■■ We hold that prior service, not under contractual continued service, confers no preference in rehiring on the probationary teacher and that such probationary teacher stands on the same footing as any other applicant who has not attained tenured status.

The decision of the circuit court was correct and it is affirmed.

Affirmed.

GREEN, P. J., and CRAVEN, J., concur.