ELIZABETH STREJCEK, Petitioner-Appellant, *v.* BOARD OF EDUCATION OF BERWYN SCHOOL DISTRICT NO. 100, Respondent-Appellee.

First District (1st Division)    No. 78-1298

Opinion filed October 22, 1979.

Drach, Terrell and Deffenbaugh, of Springfield, for appellant.

Robbins, Schwartz, Nicholas & Lifton, Ltd., of Chicago (Everett E. Nicholas, Jr., and Therese A. Linden, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Elizabeth Strejcek, a probationary teacher, filed an amended petition for a writ of mandamus and an amended complaint for a declaratory judgment against the defendant, Board of Education of Berwyn School District 100 (hereinafter Board), alleging that her dismissal without a hearing had been improper. Defendant, pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48), filed a motion to strike and dismiss the amended petition for the writ of mandamus and the amended complaint with supporting affidavits. The circuit court of Cook County granted defendant's motion and dismissed plaintiff's petition and complaint. Plaintiff appeals that dismissal and contends that she had achieved contractual continued service status entitling her to a hearing before she was terminated.

We affirm.

On appeal, plaintiff alleges her work for the Board as a teacher aide

from September 1974 to February 1975 should be considered employment as a probationary teacher. She alleges the duties she performed then were tantamount to those of a teacher. Plaintiff also alleges her work as a probationary teacher for two calendar years completes the two consecutive school terms required for contractual continued services status in the teacher tenure act (Ill. Rev. Stat. 1975, ch. 122, par. 24—11 et seq.). The Board denies these allegations in the affidavits.

Strejcek was employed by defendant first as a part-time substitute teacher during the 1971-72, 72-73, and 73-74 school years. From the beginning of the 1974-75 school year she worked as a teacher aide until February 1975. The Board hired Strejcek as a full-time probationary teacher February 24, 1975. She then worked as a full-time probationary teacher for the remainder of that school year and during the 1975-76 and 1976-77 school years.

On March 13, 1977, plaintiff was informed by registered mail by defendant that she would be dismissed effective June 22, 1977, due to several stated deficiencies in her work. The Board did not schedule a hearing before a hearing officer on the dismissal nor did Strejcek request that such a hearing not be held. Plaintiff then filed suit requesting the court direct the Berwyn Board of Education to send a copy of plaintiff's dismissal letter to the State Board of Education and requested a declaratory judgment that she was entitled to a hearing. The court dismissed her petition and complaint finding no stated cause of action.

Section 24—12 of the Illinois School Code (Ill. Rev. Stat. 1975, ch. 122, par. 1—1 et seq.) provides that in order to dismiss a teacher in contractual continued service:

"* * * the board must first approve a motion containing specific charges by a majority vote of all its members. Unless the teacher within 10 days requests in writing of the board that no hearing be scheduled, the board shall schedule a hearing on those charges before a disinterested hearing officer on a date no less than 30 nor more than 60 days after the enactment of the motion."

The hearing requirement applies to the dismissal of only those teachers who have acquired contractual continued service status. The act requires employment as a probationary teacher for two consecutive school terms.

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. * * *" Ill. Rev. Stat. 1975, ch. 122, par. 24—11.

Under a previous statute, Ill. Rev. Stat. 1941, ch. 122, par. 136c, the teacher tenure act was interpreted as requiring two calendar years of employment as opposed to two consecutive school terms. In *Anderson v. Board of Education* (1945), 390 Ill. 412, 61 N.E.2d 562, the Illinois Supreme Court stated:

> "[W]e start out with the presumption that the word 'year' as used in the Tenure Law means a calendar year of twelve months, and that construction will be abandoned only in case (1) it is otherwise expressed in the statute; or (2) such construction is inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute." *Anderson*, 390 Ill. 412, 421-22, 61 N.E.2d 562, 566-67.

In 1949 the legislature amended the act to require two consecutive school terms rather than two calendar years as was held in *Anderson*. (Ill. Rev. Stat. 1949, ch. 122, par. 24—2.) The 1949 amendment gave "school term" the present definition of "that portion of the school year, July 1 to the following June 30, when school is in actual session." See *Bessler v. Board of Education* (1977), 69 Ill. 2d 191, 370 N.E.2d 1050.

The legislature thus made July 1 to June 30, from the beginning to the end of a school year, the period to evaluate a teacher's performance instead of two calendar years.

> "The purpose of a probationary period under the school code is to give the school board an opportunity to observe and evaluate the teacher's work, and the board has by statute the right to two consecutive school years of probationary period to determine whether the probationary teacher is in the eyes of the board qualified to enter upon contractual continued service." *Elder v. Board of Education* (1965), 60 Ill. App. 2d 56, 63-64, 208 N.E.2d 423, 427.

■■ ■ As stated in *Lenard v. Board of Education* (1978), 57 Ill. App. 3d 853, 864, 373 N.E.2d 477, 484:

> "We should keep in mind that the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—11 *et seq.*) created a liability where none would otherwise exist and must, therefore, be strictly construed."

This court must follow the statute according to its terms.

> "Where the language of the act is certain and unambiguous the only legitimate function of the courts is to enforce the law as enacted by the legislature." (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764.)

Here, although plaintiff was employed as a probationary teacher for more than two years chronologically from February 24, 1975, under the plain wording of the statute she did not complete two consecutive school terms and did not gain contractual continued service status.

Strejcek also alleges that she was employed as a full-time probationary teacher before the Board officially gave her that status. This argument is without merit. The record reveals that teachers and teacher aides have some similar duties but the supervisory responsibility of teachers is greater. Teacher aides may be unpaid volunteers. They must, however, be "under the immediate supervision of a teacher * * *." (Ill. Rev. Stat. 1975, ch. 122, par. 10—22.34.) It is undisputed that the plaintiff had a teaching certificate although working as a teacher aide. The main contention of the plaintiff is that she was performing the unsupervised duties of a probationary teacher before February 24, 1975. The trial court rejected this contention.

■■ The court compared the duties of a teacher aide and those of a probationary teacher to duties as a meter maid and duties as a patrolman. In both cases each position may have similar and overlapping duties. However, in this instance the statute (Ill. Rev. Stat. 1975, ch. 122, par. 24—11) does not authorize duties of a teacher aide, even if unsupervised, as counting toward the necessary two-year probationary period. Thus plaintiff's job did not ripen into the status of a probationary teacher until she was given that position.

> "[A] probationary period, being a testing period, begins with the date of the appointment which will ripen into a permanent position following the statutory probationary period." *People ex rel. Thomas v. Board of Education* (1963), 40 Ill. App. 2d 308, 316, 188 N.E.2d 237, 241.

Plaintiff was hired as a probationary teacher in February 1975 and was notified of her dismissal March 14, 1977, more than 60 days before the end of her second consecutive school term, June 30, 1977. Thus plaintiff has not stated a cause of action entitling her to the relief sought, and the decision of the trial court is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.