JENNIFER JOHNSON, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF DECATUR SCHOOL DISTRICT NO. 61 OF MACON COUNTY, Defendant-Appellee.

Fourth District   No. 15662

Opinion filed August 15, 1980.

BARRY, J., dissenting.

Drach, Terrell & Deffenbaugh, P. C., of Springfield, for appellant.

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur (John L. Taylor, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff, Jennifer Johnson, a certificated teacher in the State of Illinois, filed an amended petition for writ of *mandamus* and an amended complaint for declaratory judgment against defendant, board of education of Decatur School District No. 61, alleging that she had attained tenured status and that her dismissal without a proper notice and hearing was in violation of section 24—12 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—12). The Board filed its answer, and after a hearing, the circuit court of Macon County denied her petition for *mandamus* and ruled that plaintiff had not attained tenured status. Plaintiff appeals.

The determinative issue here is identical to that stated by the trial court: Does a teacher who has taught two consecutive school years as a full-time teacher attain tenure when she is re-employed in a part-time position for the following year?

The facts of this case are not disputed. Plaintiff was employed by the Decatur Board as a part-time art teacher in November 1973. She was hired to teach art full-time for the entire 1974-75 school term and again for the 1975-76 term. In March of 1976, she received a notice from the Board that she was being dismissed at the end of the 1975-76 term because of a decrease in the number of teachers required, but in May of 1976 she was

reemployed for the coming year as a part-time teacher. After teaching 4/10 time during the 1976-77 term she was once again, in March of 1977, given a notice of dismissal due to declining enrollment. And once again she was rehired for the coming year, this time to teach full-time. However, the cycle came to an end in March of 1978 when the Board gave her notice stating that "it is in the best interest of the School District to not re-employ you as a teacher" for the coming year, and she was not thereafter rehired.

In her petition for writ of *mandamus*, plaintiff alleged that she had acquired tenured status as a result of having taught two consecutive years full-time and then being reemployed for the following year, and that she was entitled to reinstatement because the Board had not dismissed her in accordance with the notice and hearing requirements in effect for tenured teachers.

The acquisition of tenured status is governed by section 24—11 of the School Code, which provides in part:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor * * *." Ill. Rev. Stat. 1977, ch. 122, par. 24—11.

Plaintiff does not challenge the adequacy of the notice of dismissal she received in March of 1976, at the end of two consecutive school terms, but rather asserts that the notice of dismissal in 1978 did not meet the requirements of section 24—12 of the School Code governing discharge of a teacher in contractual continued service. She relies upon *Brown v. Board of Education* (1976), 38 Ill. App. 3d 403, 347 N.E.2d 791, where the court held that a tenured teacher did not lose her tenured status when, after 13 years on tenure, she taught part time for one year. The court considered the various statutory provisions dealing with contractual continued service, and concluded that the School Code does not require a teacher to teach full time in order to maintain a previously acquired tenured status. "Nowhere in the statute does it provide that a teacher loses tenure merely by accepting a reduced teaching load for one year." (38 Ill. App. 3d 403, 408, 347 N.E.2d 791, 795.) Plaintiff contends that the opinion should be construed to mean that, once two consecutive years of full-time service are completed and a teacher is reemployed for a third year, tenured status attaches without regard to whether the third year is full time or part time.

Such a broad reading of *Brown* ignores the general rule stated by the Illinois Supreme Court as follows:

"The Teacher Tenure Law (section 24—11 *et seq.*) created a liability where none would otherwise exist and must, therefore, be

strictly construed." *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 130, 340 N.E.2d 7, 9.

The object of the teacher tenure statute is to assure continuous service on the part of teachers of ability and experience (*Lenard v. Board of Education* (1979), 74 Ill. 2d 260, 384 N.E.2d 1321), and to accomplish that object, the legislature designed a statutory scheme which protects the tenured teacher, sometimes at the expense of the probationer. (*Huettemann v. Board of Education* (1978), 56 Ill. App. 3d 933, 372 N.E.2d 716.) The decision of the trial court in the case before us draws a clear distinction between the effect of part-time employment upon a probationary teacher (no tenure required) and upon a tenured teacher (tenure retained), and we believe this distinction does not violate either the intent or the letter of the School Code. Accordingly, we think the holding in *Brown* should be limited to those situations where the teacher had already acquired tenure prior to a part-time assignment.

In a memorandum opinion, the trial court here made the following pertinent statements, with which we agree:

"The tap root of the tenure doctrine is fulltime teaching. Plaintiff cites *Elder v. Board of Education* (1965), 60 Ill. App. 2d 56, 208 N.E.2d 423, as giving a board only two options: (1) to terminate, or (2) to grant tenure. *Elder* is not so restrictive. The third alternative of employment in something less than full-time teaching is available, as was the case in *Brown.*

Plaintiff complains that this will give power to a school board to deny tenure forever. That is the undoubted right of such a board under the statute as it now stands, if the board so elects."

A substantially similar question was resolved with a finding of no tenure in *Strejcek v. Board of Education* (1979), 78 Ill. App. 3d 400, 397 N.E.2d 448, where the teacher had taught as a part-time substitute teacher during the 1971-72, 1972-73, and 1973-74 school years; had been a full-time teacher's aide from the beginning of the 1974-75 school year until February 1975, at which time she became a full-time teacher; and was then a full-time teacher during the 1975-76 and 1976-77 school year. The court held her still to be a probationary teacher, even though she had been employed for six consecutive years in one capacity or another, because she had not complied with section 24—11 of the School Code.

For the foregoing reasons, we conclude that the judgment of the circuit court of Macon County in favor of defendant should be and hereby is affirmed.

Affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE BARRY, dissenting:

I respectfully dissent from the majority opinion. The majority phrases the question of law presented by this appeal as whether a teacher who has taught two consecutive school years as a full-time teacher attains tenured status when she is re-employed by the school board, but only in a part-time position for the following school year. I believe that the plaintiff acquired tenure in this case.

It is not disputed that the plaintiff taught for two consecutive school years as a full-time teacher. Section 24—11 of the School Code provides that "[a]ny teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal * * *." (Ill. Rev. Stat. 1979, ch. 122, par. 24—11.) The tenure provisions of the School Code give the school board two years to observe and evaluate a teacher for the purpose of deciding whether the teacher is qualified and meets the needs of the district. (*Elder v. Board of Education* (1965), 60 Ill. App. 2d 56, 208 N.E.2d 423.) At the end of the plaintiff's two full consecutive probationary years of teaching in the district, the defendant board had only the three options provided in the statute. (Ill. Rev. Stat. 1979, ch. 122, par. 24—11.) First, the defendant could timely dismiss the plaintiff and prevent her from then acquiring tenure. Second, the board of education could re-employ her for the upcoming school year, and by issuing her a contract, grant her tenured status. Third (contra to the third alternative suggested by the trial judge), the defendant could extend the plaintiff's probationary period for an additional year (provided she had no prior teaching experience) if the requirements of section 24—11 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—11) and *Graham v. Board of Education* (1973), 15 Ill. App. 3d 1092, 305 N.E.2d 310, are satisfied. In the instant case the defendant opted to reemploy the plaintiff rather than dismiss her or extend her probationary period a third year. I believe the plaintiff thereby attained tenured status per the scheme, intent, and spirit of the act. "Any teacher who has been employed full time on a probationary status for two consecutive school terms attains tenure on being reemployed for the third year." *Huettemann v. Board of Education* (1978), 56 Ill. App. 3d 933, 934, 372 N.E.2d 716, 717.

Under very similar facts, the Fifth District Appellate Court held that when a tenured teacher who had taught on a full-time basis was reassigned to a part-time teaching position for a year, she did not lose her tenured status. (*Brown v. Board of Education* (1976), 38 Ill. App. 3d 403, 347 N.E.2d 791.) I believe the *Brown* case is controlling. It should not matter whether the plaintiff was reemployed after serving two

consecutive full-time school years for a third year on a full-time or part-time basis. The end result, following the persuasive reasoning of the Brown case, is that the plaintiff achieved tenure. Section 24—11 of the School Code does not specify how a probationary teacher who has been employed full time for two consecutive school years must be reemployed in order to become a tenured teacher. The statute merely requires reemployment in the subsequent year, consistent with *Brown* that reemployment may be either full or part time and tenure is the result.

It seems obvious the majority opinion wrongly relies upon the case of *Strejcek v. Board of Education* (1979), 78 Ill. App. 3d 400, 397 N.E.2d 448, when contending the *Strejcek* case involved a substantially similar question. To the contrary, the facts of *Strejcek* are strikingly dissimilar. There the teacher claimed tenure based upon two years of part-time work as a teacher's aide. Clearly, the teacher in *Strejcek* did not comply with section 24—11 of the School Code because she was not employed full time as a teacher for two consecutive probationary years. That question is not involved in the case at bar. The *Strejcek* case is distinguishable and lends no support for the majority's position.

To hold as the majority does effectively allows the defendant to avoid the spirit and purpose of the tenure provisions of the School Code. In *Craddock v. Board of Education* (1979), 76 Ill. App. 3d 43, 391 N.E.2d 1059, we held that the temporary suspension of a tenured teacher without pay required compliance with the formal dismissal procedure set forth in section 24—12 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—12). "The purpose of the tenure act is to afford tenured teachers procedural safeguards when their livelihood or tenured status is threatened and to avoid insecurity of employment based on political, partisan or capricious considerations." *Craddock v. Board of Education* (1979), 76 Ill. App. 3d 43, 45, 391 N.E.2d 1059, 1061.) The position taken by the majority opinion allows for the defendant in the case at bar to capriciously avoid the tenure act merely by arbitrarily reassigning probationary teachers to a part-time position. While the School Code allows for the board to legitimately extend the probationary period an additional year upon certain conditions, the procedure sanctioned by the majority in effect allows school boards to indefinitely extend the probationary period and avoid tenure by reemploying on any sort of part-time basis fashioned by the board. Here the plaintiff was even reemployed for another year on a full-time basis after her part-time year. Such action is evidence of the defendant's motive of trying to avoid tenure. The statute does not sanction such action. It has been judicially created by the majority today inconsistent with the clear intent of the statute.

The plaintiff attained tenured status and should have been afforded

all the statutory safeguards upon her dismissal. For the reasons stated the plaintiff should have been reinstated to a full-time teaching position, and the judgment of the trial court should be reversed.