Judy C. STAFFORD, Appellant,

v.

VALLEY COMMUNITY SCHOOL DIS-
TRICT, and the individual members of
the Board of Education, Ellie Medberry,
Laverne Swenson, Douglas Aylsworth,
Russell Friederich and Lloyd Meier, and
individually the Secretary of the Board
of Education, Gladys Hanson, and indi-
vidually the Superintendent, Richard
Burmeister, Appellees.

No. 67380.

Supreme Court of Iowa.

Dec. 22, 1982.

James L. Sayre and Robert A. Mannheim-
er of Dreher, Wilson, Adams, Jensen, Sayre
& Gribble, Des Moines, for appellant.

John J. Bauercamper of Jacobson, Bristol,
Thomson, Bauercamper & Garrett, Waukon,
for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Plaintiff teacher, Judy C. Stafford, appeals from district court's annulment of a writ of certiorari challenging defendant board's finding, in a termination proceeding, that she was a probationary teacher and therefore was not entitled to appeal to an adjudicator. We affirm. Although the 1979 Iowa Code is applicable in this case, our references are to the 1981 Code as the relevant statutes are unchanged.

In district court the parties submitted the issues upon the pleadings and record made before the board. That record discloses Stafford was employed by defendant district as a part-time tutor, at an hourly rate, for one student from November 11, 1976, to May 27, 1977. During the 1977–78 school year, she was employed by contract on a three-fourths time basis as a remedial reading instructor. In the 1978–79 school year she was employed by contract for the same duties on a one-half time basis.

February 23, 1979, the superintendent initiated proceedings under Iowa Code section 279.15 to terminate Stafford's contract at the end of the 1978–79 school year as part of a staff reduction. Following a section 279.16 private hearing the board filed a decision, including findings of fact and conclusions of law, terminating Stafford's contract.

Stafford timely filed notice of appeal to an adjudicator. The superintendent filed a special appearance with the board, claiming that as a probationary teacher (without two consecutive years of employment) under section 279.19, Stafford was prohibited from appealing by the provisions of Iowa Code section 279.17. The board sustained the special appearance on the grounds urged by the superintendent.

Following this decision Stafford filed an action in mandamus in district court, seeking to compel the board to process her notice of appeal to the adjudicator. District court sustained a motion to dismiss filed by defendants district and board, ruling she should have challenged the board's action by writ of certiorari, not mandamus. We affirmed, but remanded giving Stafford permission to amend her petition to ask for a writ of certiorari. *Stafford v. Valley Community School District*, 298 N.W.2d 307 (Iowa 1980) (*Stafford I*).

Upon remand, Stafford amended her petition. Following submission as indicated, district court entered judgment, partially based upon the language in *Stafford I*, that the board did have the authority to initially resolve the procedural issue raised by Stafford's notice of appeal and the superintendent's special appearance: whether Stafford was a probationary teacher and thus not entitled to appeal. District court then proceeded to the merits and determined the board was right in concluding Stafford was a probationary teacher. The writ of certiorari was annulled.

Appealing, Stafford asserts district court erred in finding the board had jurisdiction to determine that she was a probationary teacher, and further, in upholding the board's determination that she was in fact a probationary teacher for Iowa Code sections 279.17 and 279.19 purposes.

I. *Authority of the Board to Determine Status.*

The two relevant Iowa Code sections provide:

279.17. Appeal by teacher to adjudicator. *If the teacher is no longer a probationary teacher, the teacher may,* within ten days, *appeal* the determination of the board to an adjudicator by filing a notice of appeal with the secretary of the board. ...

279.19. Probationary period. The first *two consecutive years of employment of a teacher in the same school district are a probationary period.* However, a board of directors may waive the probationary period for any teacher who previously has served a probationary period in another school district and the board may extend the probationary peri-

od for an additional year with the consent of the teacher.

In the case of the termination of a probationary teacher's contract, the provisions of sections 279.15 and 279.16 shall apply.

The board's decision shall be final and binding unless the termination was based upon an alleged violation of a constitutionally guaranteed right of the teacher or an alleged violation of public employee rights of the teacher under section 20.10. (Emphasis added.)

Stafford argues that "once her notice of appeal is filed, the jurisdiction is vested with the adjudicator who must first determine ... whether the teacher is a probationary or nonprobationary teacher." She asserts *McFarland v. Board of Education of Norwalk Community School District,* 277 N.W.2d 901 (Iowa 1979), implicitly holds the district and board could not act to usurp the adjudicator's jurisdiction.

In *McFarland* the teacher was *suspended* without pay. The teacher then appealed the suspension to an adjudicator, who dismissed the appeal because he believed the controlling statute only permitted him to adjudicate controversies in which the teacher was terminated. *See* Iowa Code § 279.-27. We concluded "[t]here is no explicit limitation of the right to such an appeal to those situations where termination or discharge, rather than some lesser sanction ... is imposed." *Id.* at 904. We observed that the adjudicator would have had jurisdiction of the appeal, although we then proceeded to determine that issue on the merits without remand to the administrator.

*McFarland* is not helpful in resolving the chicken-or-egg issue before us, generated out of section 279.17 language that strips Stafford of *any* appeal right unless she is a nonprobationary teacher. *See Bruton v. Ames Community School District,* 291 N.W.2d 351, 354 (Iowa 1980).

Stafford's reply brief does not respond to the board's contention that the "jurisdictional" issue she raises was adjudicated in *Stafford I.* Our *Stafford I* opinion discloses a fact confirmed by Stafford's brief in that appeal: that she contended there, as she does here, that when she filed notice of appeal the board had no further jurisdiction to determine her probationary status. The board's duty to process the appeal, she asserted, was a duty imposed by law and its performance could be compelled by mandamus. In *Stafford I,* however, we observed that

mandamus is unavailable because she has not shown a clear and certain right to appeal the board's decision to an adjudicator under section 279.17. There is a threshold question of whether Stafford is a probationary teacher. If, as the board decided, she is a probationary teacher, she had no right to appeal to an adjudicator under section 279.17. ... In contrast, if Stafford, as she alleges, is a nonprobationary teacher, she is entitled to appeal her termination to an adjudicator. ... With this threshold issue to be determined, Stafford has not established a clear and certain right to have her appeal to the adjudicator *processed by the board.*

*Stafford I,* 298 N.W.2d at 309 (emphasis added). The record in *Stafford I* was complete. It is the same record before us now. On that record we refused to grant mandamus on the theory a "threshold question"—Stafford's probationary status—would control her right "to have her appeal to the adjudicator processed by the board." If, as Stafford then and now contends, a notice of appeal stripped the board of all authority and invested the adjudicator with sole jurisdiction to determine her probationary status, this court would have compelled that processing by mandamus. Instead, as the district court in this proceeding pointed out, we remanded to have that court determine the legality of the *board's* classification of Stafford as probationary:

Under this rule [permitting amendment of petition to seek certiorari], we think Stafford should be able to amend her petition to ask for a writ of certiorari and have a court reach the merits of *whether the board improperly classified her as a probationary teacher.*

*Stafford I,* 298 N.W.2d at 310 (emphasis added).

The four prerequisites to issue preclusion delineated in *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981), are present here. *See Ideal Mutual Insurance Co. v. Winker,* 319 N.W.2d 289, 294–95 (Iowa 1982); *State v. One Certain Conveyance,* 316 N.W.2d 675, 678 (Iowa 1982). We hold Stafford is precluded from relitigating the issue that the adjudicator has sole jurisdiction to determine her probationary status.

This holding is not to be interpreted as an approval of the use of a special appearance in the manner employed by the superintendent for raising the status issue. A special appearance ordinarily is filed with an adjudicative body to raise the issue of the jurisdiction of *that* body. *See* Iowa R.Civ.P. 66; *Jansen v. Harmon,* 164 N.W.2d 323, 326 (Iowa 1969).

In this case it is apparent that the superintendent and Stafford were litigating before the board the issue of Stafford's status as probationary or nonprobationary, as well as the issue of just cause for her termination. The board's initial ruling, although not expressly classifying Stafford as probationary, included factual findings and conclusions that her tutoring experience did not constitute teaching or qualify her as a member of the bargaining unit for the school year 1976–77. The board found she was in her second consecutive year of teaching during 1978–79. The subsequent ruling on the "special appearance" made no further factual findings, and we view the situation as though the "special appearance" had not been filed and the board simply refused to implement statutory procedures to permit a probationary teacher to appeal to an adjudicator.

There is some merit in permitting the board initially to classify a district's teacher as probationary or nonprobationary even though it might affect the teacher's right to appeal to an adjudicator. To allow the teacher to determine his or her section 279.-19 nonprobationary status, implicit in the action of filing an appeal, immediately launches the board into a long and expensive statutory proceeding before the adjudicator, comprising some eighty lines in Iowa Code section 279.17. Further, Stafford's assertion the adjudicator has the sole jurisdiction to determine this controversy flies in the face of the section 279.17 limitation that the appeal to the adjudicator must be from a determination made by the board.

The result we reached in *Stafford I,* that in such an impasse the teacher's remedy is certiorari in district court, short-circuits the involved administrative steps and permits prompt judicial examination of the board's classification. In these rare cases involving the basic right to appeal, such a remedy is more attuned philosophically with the legislative intent that these controversies be processed expeditiously, as evidenced in its section 279.16 admonition that "procedure under sections 279.13 to 279.19 shall be as summary as reasonably may be."

■ For the above reasons we hold the district court should not be reversed for holding there was no procedural defect in the board's refusal to process Stafford's appeal because it determined she was a probationary teacher. Thus we reach the issue whether the board's classification was correct.

## II. *Probationary Status.*

■ The substantive issue turns on the section 279.19 definition that "[t]he first two consecutive years of employment of a teacher in the same school district are a probationary period." The parties focus on Stafford's 1976–77 activities, for if they constituted a year of employment as a "teacher," then she is a nonprobationary teacher and entitled to appeal under the provisions of Iowa Code section 279.17.

There are no Iowa decisions on point. Decisions from other jurisdictions in analogous situations, while operating within the confines of varying statutory language, concentrate on the petitioner's status, duties and responsibilities compared with the status, duties and responsibilities of those in the classification claimed. *See*

*Strejcek v. Board of Education,* 78 Ill. App.3d 400, 403, 33 Ill.Dec. 942, 945, 397 N.E.2d 448, 451 (1979); *Brophy v. School Committee of Worcester,* 6 Mass.App.Ct. 731, 736, 383 N.E.2d 521, 525 (1978); *Minneapolis Federation of Teachers v. Minneapolis Special School District,* 270 N.W.2d 773, 775–76 (Minn.1978). In *Spilman v. Board of Directors of Davis County Community School District,* 253 N.W.2d 593, 596 (Iowa 1977), we centered on the circumstances surrounding the contract between the parties and held that a library clerk otherwise certified as a teacher was not entitled to the teacher contract provisions of section 279.13.

The rule that findings of fact generally are not reviewable on certiorari, *Callenius v. Blair,* 309 N.W.2d 415, 419 (Iowa 1981), has little significance here because the facts are uncontroverted and control the question of the legality of the board's decision. Stafford was employed by the defendant district on November 11, 1976, as a tutor for Bruce Butikofer. Bruce was enrolled in a fifth-sixth grade combination class following a transfer from the Iowa School for the Deaf. A consultant from Keystone Area Education Agency recommended that he receive some type of one-on-one "tutor service" in addition to his classroom activities. The area education agency provided funds for the tutor service. Stafford worked as Bruce's tutor from November 11, 1976, to May 17, 1977. She worked 4 hours per day at $4.50 per hour, earning $2083.50 during this period.

Teachers for the district were covered by a negotiated agreement. The master contract specified an $8800 base pay for teachers and provided certain fringe benefits such as sick leave, holiday pay and other leave benefits. Individual contracts were then consummated with each teacher.

During the 1976–77 school year Stafford had no written contract for the services she performed. Although she makes the bare assertion her duties in 1976–77 were the same as those in subsequent years, it is clear that she (1) was paid an hourly rate rather than in accordance with the master contract salary schedule, (2) did not receive sick leave or other leave benefits, (3) received no holiday pay, (4) was not required to have a physical examination, (5) was not hired for the full school year, (6) was not required to participate in parent-teacher conferences or staff meetings, and (7) was officially classified as a "tutor."

During the next two school years Stafford was employed as a teacher on a written contract. In each year she was given credit on the master contract salary schedule for a year's teaching at another school, but in neither year did she claim salary scale credit for her service as a tutor in the 1976–77 school year. Although the record disclosed Stafford knew how to file a grievance, she first raised this issue at the termination hearing.

It is apparent that the district and Stafford mutually considered her services to be that of a part-time tutor for a single student, not a teacher. In her testimony Stafford characterized 1976–77 as "the year [she] was not teaching." We find no illegality in the board's position that Stafford's activity for the district in the 1976–77 school year did not qualify as employment as a teacher under Iowa Code section 279.-19. Stafford does not contend her appeal was based on an alleged violation of a constitutionally guaranteed right or an alleged violation of her public employee rights under Iowa Code section 20.10. *See* Iowa Code § 279.19. Therefore the decision of the board to terminate was final. *Id.*

We have examined the other arguments advanced by Stafford to support her contention that she was a nonprobationary teacher and find them without merit.

We affirm the judgment entered by the district court.

AFFIRMED.