THE PEOPLE *ex rel.* LARRY D. PETERSON, Plaintiff-Appellee, *v.* JOSEPH S. VALENCIK *et al.*, Defendants-Appellants.

(No. 53896;

First District—December 30, 1970.

Sullivan & Sullivan, of Chicago, and Gerhardt J. Gleege, of Oak Lawn, (John M. Sullivan, of Chicago, of counsel,) for appellants.

LeRoy W. Gudgeen, of Chicago, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County by the defendants, the Board of Fire and Police Commissioners of Oak Lawn, Illinois; Joseph S. Valencik, Chairman; Frank A. Micklin, Secretary; and Cornelius Ruiter, Member. The Circuit Court granted petitioner's prayer for relief by ordering a writ of *mandamus* to issue directed to and against the defendants commanding them to reinstate the plaintiff on the Fireman Eligibility List and to appoint the plaintiff to the first vacancy as a fireman.

The plaintiff, Larry D. Peterson, hereinafter called "plaintiff", is a resident of the Village of Oak Lawn. The plaintiff on November 7, 1966, took a written examination for the position of fireman. He had also taken physical examinations and both were successfully passed.

On December 5, 1966, the defendants published a Fireman Eligibility List and the plaintiff's name appeared thereon in the number four position. The persons posted in the first three positions, taking precedence over the plaintiff in appointment, either refused to accept appointment or were appointed on or before January 2, 1967.

The defendants adopted new rules for placement on the Fireman Eligibility List on April 6, 1967. The preamble to the new rules stated "no action or proceeding commenced before these rules and regulations as amended take effect shall be affected by these amended rules and regulations. All actions or proceedings which occur from incidents or events *after* adoption of these rules shall conform with the presently effective rules and regulations as amended". (emphasis ours)

The defendants did, however, direct the plaintiff and all others on the Fireman Eligibility List to take another physical examination. Section 130.6 of the new rules provided in part "If at any time before appointment the Commission determines the necessity for an additional medical examination, applicant shall comply with such request". The record does not disclose if there was a determination of "necessity" by the commis-

sion as required by the section. In any event, the plaintiff took another physical examination on June 24, 1967. The new rules provided in Section 120.6 again in part "Each applicant shall meet the following requirements": Whereupon followed a list of medical requirements that differed from the previous requirements, as concerned the plaintiff, only in eyesight qualifications. The new rules providing minimum requirements of 20-40 uncorrected which the plaintiff could not meet. The plaintiff had met the eyesight requirements for the old rules.

On June 29, 1967, the Secretary of the Board notified the plaintiff by telephone that the plaintiff was no longer on the Fireman Eligibility List because of his failure to meet the physical requirements.

The Board thereafter did appoint persons who had been lower than plaintiff on the December 5, 1966 list. The plaintiff then made demand upon the Board for appointment to the Fire Department of the Village of Oak Lawn. On April 18, 1968, the defendants were advised that the plaintiff had retained an attorney. Whereupon, the defendants then advised the plaintiff and his attorney that they would hold a hearing pursuant to his request. The meeting was held on May 13, 1968 between the defendants, plaintiff and his attorney. The defendants, in writing, denied the relief sought by the plaintiff. On June 7, 1968, plaintiff filed his Petition for writ of *mandamus* and the Court issued the Writ on January 3, 1969.

The defendants had filed a Motion to Strike and Dismiss asserting that this action was controlled by the "Administrative Review Act", (Ill. Rev. Stat., ch. 110, pars. 264 through 279), and that as a result thereof *mandamus* would not lie. The Court on July 30, 1968, denied the defendants' motion.

The defendants now urge that the Court erred in failing to grant the motion asserting that the "Administrative Review Act", *supra*, governs every action to review judicially a final decision of the Administrative Agency, and that *mandamus* will not lie to review the action of the defendants in removing the plaintiff's name from the Fireman Eligibility List.

The defendants urge that the case of *People ex rel. Fike v. Slaughter* (1961), 31 Ill.App.2d 175, 175 N.E.2d 585 is determinative of the issues of this cause. The case of *People ex rel. Fike, v. Slaughter* is quite different from the present cause. The Board in removing Mr. Fike's name from the Policeman's list had been made aware of certain charges against Fike which pertained to his moral qualifications to be a member of the police force. An informal hearing was granted to Fike and thereafter Fike was notified in writing that he had been removed from the list.

We feel that the present cause is controlled by the case of *Chestnut v.*

*Lodge* (1966), 31 Ill.2d 567, 216 N.E.2d 799 which states in discussing the intent of the act, "The Administrative Review Act is a salutary act to provide a simple review from specified administrative decisions, but it was not intended to be a trap for the unwary to establish a bar to relief. Since it is an exclusive method of review in the proper case, *the areas of its applicability must be clearly defined.* Under the Personnel Code, the Administrative Review Act is only applicable to decisions of the Civil Service Commission. Since we find no clear right in these plaintiffs to obtain a review of their layoffs by the Commission, we hold the Administrative Review Act is inapplicable". (emphasis ours)

■■ After careful reading of the Rules and Regulations of the Oak Lawn Board of Fire and Police Commission, it is unclear as to whether or not the present plaintiff is entitled to a review or rehearing. The section which is urged by the appellants as bringing the plaintiff within the Act is Section 170.4 of the rules which states "Appeals may be filed on all decisions reached by the Commission, however, all such appeals must comply with the provisions of the Administrative Review Act as shown in the Illinois Revised Statutes 1965 or as may thereafter be amended". This section is the last of fourteen sections under the Seventh Article entitled "Discipline". The removal of the plaintiff's name from the list was not for disciplinary reasons and it would be reasonable for the plaintiff to not seek review as provided by that Article. Thus the procedure that the plaintiff must follow for review is unclear if, indeed, there is a procedure for him to follow to obtain review. The applicability of the Act to this present case is not clearly defined. Therefore the Administrative Review Act does not apply and *mandamus* will lie. *Chestnut v. Lodge, supra.*

Defendants also assert that the case of *Davis v. Wilson* (1968), 96 Ill. App.2d 225, 238 N.E.2d 237 supports their contentions quoting:

"It is, however, well established that where the Administrative Review Act is expressly referred to in the Act conferring power on an administrative agency the prior equitable modes of review cannot be obtained. (*People ex rel. Chicago and N. W. Railway v. Hullman,* 21 Ill.2d 166, 201 N.E.2d 103; *People ex rel. Fike v. Slaughter,* 31 Ill. App.2d 175, 175 N.E.2d 585; *Moline Tool Co. v. Dept. of Revenue,* 419 Ill. 35, 101 N.E.2d 71.) Nor do we find equitable grounds for dispensing with the requirements of the act. The thirty-five day period within which plaintiff had to file his complaint in administrative review commenced not with the date of the decision but the date of his notification."

Here, however, the Administrative Review Act is not "expressly referred" to in the Rules and Regulations as applying to Article 2, which

has to do with physical requirements nor to Article 3 which has to do with appointments; neither is the Administrative Review Act referred to in Article 8 which embraces miscellaneous provisions applying to all the other Articles.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.