KENNETH L. LENARD, Petitioner-Appellant, *v.* BOARD OF EDUCATION OF FAIRFIELD SCHOOL DISTRICT NO. 112 OF WAYNE COUNTY, Respondent-Appellee.

(No. 74-291;

Fifth District—March 6, 1975.

*Rehearing denied April 9, 1975.*

Robert E. Stine, of Drach, Terrell and Deffenbaugh, P.C., of Springfield, for appellant.

William E. Hoffee, of Fairfield, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal by the petitioner, Kenneth L. Lenard, from an order entered by the Circuit Court of Wayne County dismissing his petition for a writ of mandamus ordering his restoration as a teacher for the school year 1974-1975.

The petitioner had taught in Wayne County schools for 7 years and had acquired tenure, referred to in the School Code (Ill. Rev. Stat., ch. 122, par. 1—1 *et seq.*), as "contractual continued services." In March of the school year 1973-74 he received a letter from the president of the respondent Board of Education stating that his employment would be terminated at the end of that school year because the number of teachers was being reduced. In April 1974 petitioner filed his petition for a writ of mandamus asking for reinstatement, alleging that a nontenured teacher had been retained contrary to the provisions of section 24—12

of the School Code (Ill. Rev. Stat., ch. 122, par. 24—12). The respondent moved to dismiss. Arguments on the motion were heard and on June 25, 1974, the court entered an order dismissing the petition on the grounds that the question was reviewable only by a proceeding under the Administrative Review Act (Ill. Rev. Stat., ch. 110, par. 264 *et seq.*).

The sole issue in this case is whether or not mandamus was an appropriate remedy.

Section 24—12 of the School Code provides for two kinds of dismissal —one, when the number of teachers is decreased or a particular type of teaching service is discontinued; the other, for cause. With respect to the first type of dismissal, there is no provision for a hearing or proceedings before the Board of Education. In the second type of dismissal, specific charges must be made and a hearing held if requested by the teacher. At the end of the first paragraph of section 24-12 setting forth these two types of removal and specifying the procedures to be followed it is stated that: "The decision of the board as to the existence of reasons or causes for dismissal or removal is final unless reviewed as provided in Section 24—16 of this Act."

Section 24—16 of the School Code (Ill. Rev. Stat., ch. 122, par. 24—16) provides that the Administrative Review Act shall apply to "*   *   * all proceedings instituted for the judicial review of final administrative decisions of the school board   *   *   *." It further provides that the term "administrative decision" is defined as in section 1 of the Administrative Review Act. In that section (Ill. Rev. Stat., ch. 110, par. 264), "administrative decision" is defined as "*   *   * any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency."

Section 2 of the Administrative Review Act (Ill. Rev. Stat., ch. 110, par. 265) provides that the Act "*   *   * shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act."

■■ Viewing the case before us in the light of these statutory provisions, it would appear on first impression that petitioner should have proceeded under the Administrative Review Act. However, a close examination of the statutory language, consideration of the purpose of the Administrative Review Act, and the holding of our supreme court in *McNely v. Board of Education*, 9 Ill.2d 143, 137 N.E.2d 63, convinces us that the Administrative Review Act is not the appropriate remedy in this instance and that an action in mandamus should be available to the petitioner.

First we call attention to two sentences in the Administrative Review

Act. In the definition of "administrative decision" contained in section 1 of that Act, it is stated that such a decision means one "\* \* \* which terminates the proceedings before the administrative agency." In the instant case there were no proceedings before an administrative agency. There could have been no proceedings before such agency because the law does not provide for such. In section 11 of the Administrative Review Act (Ill. Rev. Stat., ch. 110, par. 274), covering the scope of review, it is stated that "[t]he hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court." Certainly this contemplates that some proceeding must have been held under which questions of law and of fact arose. As stated above, no proceedings were held since none are contemplated by section 24—12 of the School Code.

■■ We do not believe that the legislature, in providing that administrative review is to be an exclusive remedy in specified cases, meant to deny a remedy to one who in a questionable case might have chosen the wrong path. This would hark back to the days of common law actions when one could be thrown out of court on a technicality. One of the purposes of the Civil Practice Act was to eliminate this pitfall. In *Chestnut v. Lodge*, 34 Ill.2d 567, 571, 216 N.E.2d 799, the court said: "The Administrative Review Act is a salutary act to provide a simple single review from specified administrative decisions, but it was not intended to be a trap for the unwary to establish a bar to relief. Since it is an exclusive method of review in the proper case, the areas of its applicability must be clearly defined." *Chestnut* involved a mandamus action by an employee of the State Department of Conservation who lost his job because the position was eliminated. The supreme court placed emphasis on the fact that there was no right to a hearing and that it is from a hearing that the Administrative Review Act applies. It held that mandamus was a proper action. Four years later, in 1970, in *People ex rel. Peterson v. Valencik*, 131 Ill.App.2d 264, 267, 266 N.E.2d 752, the appellate court, citing this decision, held that mandamus was a proper action to compel the reinstatement of a fireman on the eligible list, saying: "The removal of plaintiff's name from the list was not for disciplinary reasons and it would be reasonable for the plaintiff to not seek review as provided by that Article." ("Article" refers to the Administrative Review Act.)

We find further support for our view that mandamus was a proper action in *McNely v. Board of Education*, 9 Ill.2d 143. In *McNely* a superintendent of schools was relieved of his duties because the office of superintendent was discontinued. Approximately 3 months later the office was reestablished and a principal was hired as superintendent.

Plaintiff commenced a contract action against the board. Judgment for the plaintiff was reversed by the appellate court but affirmed by the supreme court. The court said, "Section 24—3 [now 24—16] contains no provision for review under the Administrative Review Act of decisions of the board to dismiss teachers due to board determination to decrease the number of teachers employed or to discontinue some particular type or teaching; * * *." (9 Ill.2d 143, 152-53.) An interesting feature of *McNely* was that Justice Klingbiel wrote a vigorous dissent which was based obviously on a close examination of the language of the majority opinion. But his dissent dealt solely with whether or not a superintendent should be categorized as a "teacher" for tenure purposes. In his dissent, which was joined by Justice Hershey, he raised no question about the majority view that the Administrative Review Act did not apply.

The respondent cites *Hankenson v. Board of Education*, 10 Ill.2d 560, 141 N.E.2d 5, decided a year after *McNely*, as authority for its contention that administrative review was the proper and exclusive remedy. But the issue in *Hankenson* was not the same and we note that the *McNely* case was not even cited in *Hankenson*. The question involved an interpretation of the board's minutes to determine whether the plaintiff had in fact been dismissed because the board had decreased the number of teachers or whether he had been dismissed for some other reason. The board's minutes stated "* * * the reason, therefore, namely, the separation of North Chicago territory from Waukegan Township High School District No. 119." What the court actually held was that though this language was unfortunate, it still meant that the number of teachers had been reduced and that therefore no hearing was necessary. In the instant case there is no question about whether a hearing is necessary. The law is clear that no hearing is provided and petitioner so understood.

In addition to the views we have expressed in support of the mandamus action as an appropriate remedy, there is the further observation that the same issues and the same proof would be involved whether this was a mandamus or an administrative review action. Furthermore, one of the purposes of the Administrative Review Act is to induce administrative bodies to compile a proper record for review. In the instant case there was no proceeding for which a record was compiled. The minutes of the board showing its decision to reduce the number of teachers would be as available in a mandamus proceeding as they would be in an administrative review proceeding.

Reversed and remanded for further proceedings.

G. MORAN and KARNS, JJ., concur.