NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion to

request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The official copy of the following opinion

will be published by the Supreme Court's Reporter of Decisions in the Official Reports advance

sheets following final action by the Court.

                                    

                Docket No. 79668--Agenda 6--January 1997.

     ROBERT ALECKSON et al., Appellees, v. THE VILLAGE OF ROUND LAKE

          PARK et al. (Elizabeth Ohlinger et al., Appellants).

                      Opinion filed April 17, 1997.

     JUSTICE FREEMAN delivered the opinion of the court:

     The dispositive issue in this appeal is whether the appellate

court may decline to apply one of its prior, published opinions to

a case which was pending at the time the previous decision was

issued. We conclude that the appellate court may.

                                BACKGROUND

     The litigation between the parties in this case centers on a

promotional examination for the rank of sergeant in the Round Lake

Park police department. Plaintiffs, four members of the department,

filed an action for declaratory and injunctive relief in the

circuit court of Lake County on November 12, 1993. The complaint

named as defendants the board of fire and police commissioners of

the Village of Round Lake Park (Board); three board members in

their individual capacity; the Round Lake Park chief of police,

Daniel Veit and the Village of Round Lake Park. Plaintiffs alleged

that defendants violated various sections of the Illinois Municipal

Code (65 ILCS 5/10--2.1--1 et seq. (West 1992)) during a

promotional examination administered by defendants on November 12,

1992. Plaintiffs sought, inter alia, (i) a declaration that the

exam was void ab initio, (ii) an injunction against those who

passed the exam from holding the rank of sergeant, and (iii) an

injunction directing the Board to administer a promotional test

which comports with the requirements of the Municipal Code.

     Defendants subsequently moved to dismiss the complaint

pursuant to section 2--619(a)(5) of the Code of Civil Procedure

(735 ILCS 5/2--619(a)(5) (West 1992)). In the motions, defendants

argued, among other things, that plaintiffs' action for declaratory

and injunctive relief was, in essence, an action for administrative

review. As such, the action was subject to the requirement that all

complaints seeking review of decisions of administrative agencies

be filed within 35 days of service of the final administrative

decision. 735 ILCS 5/3--103 (West 1992). Defendants, therefore,

asserted that plaintiffs' complaint, filed one year after the

promotional decisions were made, was untimely. According to

defendants, plaintiffs' decision to challenge the promotions by way

of a declaratory and injunctive action rather than proceeding under

administrative review resulted in the loss of their right to seek

judicial relief.

     In response, plaintiffs argued that actions concerning police

promotions fell beyond the purview of administrative review and

that, therefore, the one-year statute of limitations for actions

against local public entities applied. In support of this argument,

plaintiffs pointed out that the Second District of the Appellate

Court considered the action outside the scope of the administrative

review law. See, e.g., Barrows v. City of North Chicago, 32 Ill.

App. 3d 960 (1975); Foster v. Board of Fire & Police Commissioners,

81 Ill. App. 3d 48 (1980). Plaintiffs noted that because the

circuit court of Lake County was situated in the Second District,

the circuit judge was bound to follow the law as set forth in

Barrows and its progeny. Barrows notwithstanding, the court ruled

that plaintiffs' action fell under the administrative review law

and dismissed the complaint with prejudice because plaintiffs had

not complied with the 35-day filing requirement contained in the

Administrative Review Act. 735 ILCS 5/3--103 (West 1992).

Plaintiffs appealed.

     During the pendency of plaintiffs' appeal, the Second District

issued its opinion in Mueller v. Board of Fire & Police

Commissioners, 267 Ill. App. 3d 726 (1994). In Mueller, the court

"reconsidered [its] decisions in the Barrows line of cases and ***

decided to overrule them regarding the applicability of the Review

Law." Mueller, 267 Ill. App. 3d at 731. As a result, the issue in

the pending appeal was no longer whether the circuit judge erred by

not following Barrows and its progeny. Rather, the relevant inquiry

became whether the appellate court should apply the Mueller

decision retroactively. The appellate court declined to do so.

     In reaching its conclusion, the appellate court initially

noted that plaintiffs here filed their complaint in a manner which

"complied with second district case law as it existed at the time."

No. 2--94--0987 (unpublished order under Supreme Court Rule 23).

The court recognized that its opinion in Mueller broke with the

district's past precedent and that to give it retroactive effect

would cause injustice and hardship. Accordingly, the court

concluded that Mueller should not be given a retroactive

application in this case. We subsequently granted defendants leave

to appeal. 155 Ill. 2d R. 315.

     On appeal before this court, defendants maintain solely that

the appellate court does not have the authority to apply Mueller

prospectively. In defendants' view, only this court may declare

whether a decision will apply prospectively. Alternatively,

defendants maintain that even if the appellate court possesses such

a power, the court improperly exercised it in this case.

Plaintiffs, on the other hand, argue that the appellate court does

have such a power and that it exercised it properly in the instant

case. We agree with plaintiffs and, therefore, affirm the judgment

of the appellate court.

                                 ANALYSIS

                                     I

     Generally, when a court issues an opinion, the decision is

presumed to apply both retroactively and prospectively.

Deichmueller Construction Co. v.. Industrial Comm'n, 151 Ill. 2d

413, 416 (1992); 21 C.J.S. Courts §148 (1990). That presumption can

be overcome in two types of circumstances. First, the issuing court

itself may expressly state that its decision will be applied

prospectively only. See, e.g., Molitor v. Kaneland Community Unit

District No. 302, 18 Ill. 2d 11 (1959). Second, a later court may,

under certain circumstances, override the presumption by declining

to give the previous opinion retroactive effect, at least with

respect to the parties appearing before the later court. The

present case falls under the latter category. Accordingly, we will

confine our discussion to cases which involve situations in which

a later court is deciding whether to give a previous decision

prospective effect only.

     We begin our analysis with the seminal case concerning the

prospective application of a civil decision, Chevron Oil Co. v.

Huson, 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349 (1971). As in

this case, the issue before the United States Supreme Court in

Chevron concerned whether a previous decision, which shortened a

statute of limitations, should be applied to a party who had filed

his action prior to the issuance of the opinion. Specifically,

plaintiff Huson brought a personal suit for damages three years

after he was injured. His complaint, when filed, was timely under

existing law. While the matter was pending in the trial court, the

United States Supreme Court issued its decision in Rodrigue v.

Aetna Casualty & Surety Co., 395 U.S. 352, 23 L. Ed. 2d 360, 89 S.

Ct. 1835 (1969). In Rodrigue, the Court determined that actions

such as Huson's were governed by a different statute of

limitations, one which gave plaintiffs only one year to bring suit.

The court in Rodrigue was silent as to its retroactive effect, but

an application of its holding to Huson would have rendered his

cause of action time-barred. Huson, therefore, argued that Rodrigue

should be applied prospectively because he had relied on the

previous law in bringing his action and suffered a hardship as a

result of that reliance. Huson took his case to the Supreme Court,

which ultimately agreed with his arguments.

     The Court constructed a three-prong analysis to consider the

question of prospective application to Huson's case. The analysis

focused on whether "the decision to be applied nonretroactively ***

establish[ed] a new principle of law, either by overruling clear

past precedent on which litigants may have relied [citation] or by

deciding an issue of first impression whose resolution was not

clearly foreshadowed." Chevron, 404 U.S. at 106-07, 30 L. Ed. 2d at

306, 92 S. Ct. at 355. Once this threshold requirement is

satisfied, the question of prospective or retroactive application

turns on considerations of (i) whether, given the purpose and prior

history of the new rule, its operation will be retarded or promoted

by prospective application, and (ii) whether prospective

application is mandated by the balance of equities. Chevron, 404

U.S. at 106-07, 30 L. Ed. 2d at 306, 92 S. Ct. at 355. Noting that

plaintiff had followed the law as it existed at the time he filed

suit, the Court concluded that notions of equity and fairness

warranted a prospective application under the specific facts of the

case.

     We note that in recent years, the United States Supreme Court

has attempted to limit the applicability of the Chevron test with

respect to its own decisions which announce a new rule of federal

law. See Reynoldsville Casket Co. v. Hyde, 514 U.S. 1745, 131 L.

Ed. 2d 820, 115 S. Ct. 1745 (1995); Harper v. Virginia Department

of Taxation, 509 U.S. ___, 125 L. Ed. 2d 74, 113 S. Ct. 2510

(1993). In these cases, the Court has held that, under the

supremacy clause, state courts could not change a legal outcome

that federal law, as interpreted by the Supreme Court, otherwise

dictates. See Reynoldsville, 514 U.S. at ___, 131 L. Ed. 2d at 826-

27, 115 S. Ct. at 1749; Harper, 509 U.S. at 96-97, 125 L. Ed. 2d at

86, 113 S. Ct. at 2517. Although we recognize this limitation on

using the Chevron test, these later statements by the Court have no

application to the case at bar. In this case, the appellate court

did not purport to disregard a federal rule announced by the

Supreme Court. Rather, the appellate court was concerned solely

with deciding the effect of one of its own prior decisions.

Therefore, our decision today is strictly confined to decisions of

Illinois courts concerning Illinois law.

     The three-part prospectivity analysis utilized in Chevron was

adopted for the first time in Illinois by our appellate court in In

re Petition of Negron, 33 Ill. App. 3d 112 (1975). In Negron, the

appellate court addressed whether Stanley v. Illinois, 405 U.S.

645, 31 L. Ed. 2d 551, 92 S. Ct. 1208 (1972), and People ex rel.

Slawek v. Covenant Children's Home, 52 Ill. 2d 20 (1972), should be

applied retroactively to adoption proceedings which were held a few

months before the two decisions were issued. These higher court

decisions had declared unconstitutional the conclusive presumption

that an unwed father was unfit to retain custody of a child after

the mother's death. In ruling that a prospective application was

warranted, the appellate court specifically focused upon the

litigants' reliance on the previously existing law and the

substantial burdens caused by the change in law. Like the United

States Supreme Court in Chevron, the appellate court based its

decision on notions of equity and fairness. Negron, 33 Ill. App. 3d

at 115-16.

     Although this court has never expressly recognized the

appellate court's authority to give nonretroactive effect to a

previous decision, we implicitly recognized it in Board of

Commissioners of Wood Dale Public Library District v. County of

Du Page, 103 Ill. 2d 422 (1984). In Board of Commissioners, this

court, for the first time, adopted the Chevron test. In doing so,

we specifically cited the appellate court's decision in Negron and

its reference to Chevron. Board of Commissioners, 103 Ill. 2d at

429. Notably, this court, in no way, evinced any disapproval of the

appellate court's action in Negron in reviewing the prospectivity

of either a United States Supreme Court opinion or an opinion of

this court. Nor did this court indicate that the appellate court's

review was inappropriate. Rather, this court ultimately concluded

that its own previous decision should be given a prospective

application to the case before it in the interests of equity and

fairness, so as to avert the hardship and injustice caused by the

losing litigant's reliance on previously existing law. Board of

Commissioners, 103 Ill. 2d at 430-32.

     Parenthetically, we note that this court, in Lannon v. Kosco,

158 Ill. 2d 535 (1994), recently addressed the question of whether

to give a prospective application to one of its earlier opinions.

Lannon, however, does not address the precise issue presented in

this case because the previous decision in question there, i.e.,

Kotecki v. Cyclops Welding Corp., 146 Ill. 2d 155 (1991), contained

what this court considered an express statement concerning its

retroactive effect, namely, our denial of the petition for

rehearing which specifically requested that the decision be given

prospective effect (see Kotecki, 146 Ill. 2d at 174 (Freeman J.,

dissenting upon denial of rehearing)). Lannon, 158 Ill. 2d at 539.

Lannon is inapposite to the case at bar because it did not involve

a situation in which the decision to be given nonretroactive effect

was silent as to its retroactive application.

     Notwithstanding the above, defendants insist that language

contained in some of our previous decisions indicates that it is

only within the power of the highest court of this state to give a

decision prospective or retroactive application. See, e.g., Gilbert

v. Sycamore Municipal Hospital, 156 Ill. 2d 511, 529 (1993);

Deichmueller Construction Co. v. Industrial Comm'n, 151 Ill. 2d

413, 416 (1992); Castaneda v. Illinois Human Rights Comm'n, 132

Ill. 2d 304, 328 (1989); Molitor v. Kaneland Community Unit

District No. 302, 18 Ill. 2d 11, 28 (1959). Ironically, defendants

even cite Board of Commissioners as authority for this contention.

We stress, however, that in none of these cases did this court ever

expressly limit to the Illinois Supreme Court alone the power to

determine the prospective application of a prior decision to a case

which was pending at the time the prior decision was issued.

Indeed, whether the appellate court has the authority to so act was

never an issue for our review in any of the cases cited by

defendants for this proposition. Moreover, our review of the

decisions in Chevron, Board of Commissioners, and Negron reveals

that, in each case, the reviewing court applied the previous

decision prospectively to the later case in the interests of equity

and fairness and not because it possessed any "power" with respect

to the retroactive question. Therefore, past decisional law

indicates that the appellate court in this case did not, as

defendants suggest, usurp a power exclusively vested in this court.

     Additional support for the appellate court's power to act in

this case can be found in Supreme Court Rule 366. That rule

provides in pertinent part:

               "In all appeals the reviewing court may, in its

          discretion, and on such terms as it deems just ***

                                   * * *

               enter any judgement and make any order that ought to

          have been given or made, and make any other and further

          orders and grant any relief, including a remandment, a

          partial reversal, the order of a partial new trial, the

          entry of a remittitur, or the enforcement of a judgment,

          that the case may require." (Emphasis added.) 155 Ill. 2d

          R. 366(a)(5).

Implicit in Rule 366 is the recognition that all reviewing courts

enjoy the power to exercise discretion in a just manner so as to do

equity, factors which, as we have already noted, play a great role

in considering whether to apply a previous decision prospectively.

To hold that the appellate court could not apply its own prior

decision prospectively in this case would frustrate that court's

ability to do equity in the cases it reviews. We decline to

handcuff our appellate court in such a manner.

     In view of the foregoing principles, we hold that the

appellate court in this case had the authority to apply its

decision in Mueller prospectively.

                                    II

     In their final contention, defendants maintain that even if

the appellate court had the power to apply Mueller prospectively,

the appellate court erred in concluding that a prospective

application was warranted under the facts of this case. We

disagree.

     The first factor of the Chevron test is whether the decision

to be applied nonretroactively established a new principle of law,

either by overruling clear past precedent on which litigants have

relied or by deciding an issue of first impression whose resolution

was not clearly foreshadowed. See Chevron, 404 U.S. at 106, 30 L.

Ed. 2d at 306, 92 S. Ct. at 355. In our view, it is beyond dispute

that plaintiffs relied on "clear past precedent" when they filed

their complaint in this action. At that time, Barrows had been the

controlling authority in the Second District for 20 years. In fact,

the decision had been consistently reaffirmed by the Second

District. See Foster v. Board of Fire & Police Commissioners, 81

Ill. App. 3d 48 (1980); Sullivan v. Board of Fire & Police

Commissioners, 103 Ill. App. 3d 167 (1981). Nevertheless,

defendants argue that plaintiffs' reliance on the Barrows line of

cases was unjustified because it represented a minority viewpoint

in Illinois--the First, Third and Fifth Districts of the Appellate

Court had taken the opposite view. Defendants, however, ignore the

fact that when conflicts arise amongst the districts, the circuit

court is bound by the decisions of the appellate court of the

district in which it sits. State Farm Fire & Casualty Co. v.

Yapejian, 152 Ill. 2d 533, 539-40 (1992). In view of these

circumstances, we do not think it was unreasonable for plaintiffs,

faced with conflicting appellate authority, to rely upon the

authority from their home appellate district.

     The second Chevron factor consists of " `weigh[ing] the merits

and demerits in each case by looking to the prior history of the

rule in question, its purpose and effect, and [determining] whether

retrospective operation will further or retard its operation.' "

Chevron, 404 U.S. at 106-07, 30 L. Ed. 2d at 306, 92 S. Ct. at 355,

quoting Linkletter v. Walker, 381 U.S. 618, 629, 14 L. Ed. 2d 601,

608, 85 S. Ct. 1731, 1738. In its decision in Mueller, the

appellate court rejected the analysis contained in Barrows and its

progeny because of the split of authority on the question of the

applicability of the administrative review law to actions

concerning police promotions. See Mueller, 267 Ill. App. 3d at 731.

Moreover, the court noted that its departure from the "prior

settled rule" in the district was warranted in order to promote

incongruous results. Mueller, 267 Ill. App. 3d at 732-33. A

nonretroactive application of Mueller to the parties in this case

does not frustrate these concerns. The appellate court here noted

that it was applying Mueller prospectively to the parties "because

the facts of the instant case and its timing vis a vis Mueller are

so unique." No. 2--94--0987 (unpublished order under Supreme Court

Rule 23). Therefore, the nonretroactive application was expressly

limited to the facts of the case and could not have "retarded" the

future operation of Mueller. In addition, the appellate court

issued its decision as an unpublished order under Supreme Court

Rule 23 (134 Ill. 2d R. 23). As a result, the appellate court's

decision in this case has no precedential value and does not in any

way "overrule" or modify the rule announced by the Second District

in Mueller. That decision remains intact in the absence of a

contrary ruling from this court. For these reasons, prospective

application of Mueller in this case will not dilute the operation

of the rule announced in Mueller in the Second District.

     The final element of the Chevron test concerns whether

substantial inequitable results would be produced if the former

decision is applied retroactively. Chevron, 404 U.S. at 107, 30 L.

Ed. 2d at 306, 92 S. Ct. at 355. In this case, the effect of a

retroactive application of Mueller would be that plaintiffs'

lawsuit is time-barred. More important, such an application would

deprive plaintiffs of any remedy whatsoever due to a superseding

legal doctrine that was unforeseeable. In this respect, this case

is similar to Chevron, in which a plaintiff's cause of action was

terminated by the retroactive application of the former case. The

United States Supreme Court there noted that it would be

"substantial[ly] inequitable *** to hold that the [plaintiff]

`slept on his rights' at a time when he could not have known the

time limitations that the law imposed upon him." Chevron, 404 U.S.

at 108, 30 L. Ed. 2d at 306-07, 92 S. Ct. at 356. We share this

view in this case and find that the balance of equities falls in

plaintiffs' favor.

     In view of the circumstances of this case, we reject

defendants' contention that the appellate court erred in finding

that plaintiffs satisfied the criteria for a prospective

application of Mueller to their cause of action.

                                CONCLUSION

     Having found no merit to each of defendants' assignments of

error, we hereby affirm the judgment of the appellate court.

                                                                  Affirmed.

     JUSTICE HARRISON, specially concurring:

     Illinois has but one appellate court. People v. Granados, 172

Ill. 2d 358, 371 (1996). Although the state is divided into five

judicial districts, those districts have nothing whatever to do

with the court's authority. Their sole purpose is to define the

political units from which judges of the supreme and appellate

courts are selected. Ill. Const. 1970, art. VI, §2.

     Because there is only one appellate court, a decision by any

division of that court is binding precedent on all circuit courts

throughout the state, regardless of locale. People v. Harris, 123

Ill. 2d 113, 128 (1988). That being so, I fail to see how the

majority can hold "that when conflicts arise amongst the districts,

the circuit court is bound by the decisions of the appellate court

of the district in which it sits." Slip op. at 8. Such a rule makes

sense in the federal judiciary, where there are various courts of

appeal which are autonomous, but it is wholly inconsistent with the

principle that the appellate court in Illinois is a single body

whose decisions are binding on every circuit court in the state.

     Given the unitary nature of the Illinois appellate court and

the reach of its decisions, what circuit courts should be doing is

following the most recent appellate court decision on point. That

is so even if the decision conflicts with a prior decision of an

appellate court division located within the circuit court's

particular district. The geography is simply irrelevant.

     Subject to this qualification, I agree with the majority's

analysis and with the result it reaches.

     CHIEF JUSTICE HEIPLE joins in this special concurrence.