2020 IL App (1st) 191592
No. 1-19-1592
Order filed March 16, 2020

First Division

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| FRED L. NANCE, JR. | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 2019 M5 2522 |
| CITY OF BURBANK, ILLINOIS ADMINISTRATIVE HEARINGS, | ) ) ) | The Honorable Patrick T. Rogers, Judge, presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1        *Held*: Hearing officer's finding of liability for red light camera citation affirmed.

¶ 2        Fred L. Nance, Jr., represents himself on this appeal from an order of the Circuit Court affirming the decision of the City of Burbank administrative hearing officer finding him liable for a red light camera violation. Nance argues his due process rights were violated because the City failed to file a complete and certified record of the administrative hearing with the trial court. Nance further contends the administrative hearing officer violated his due process rights by (i)

failing to provide her full name during the administrative hearing; (ii) failing to put witnesses under oath, and (iii) exhibiting bias against him. Nance also raises claims of error in the trial court and asserts the red light cameras constitute improper revenue-generating schemes. We reject Nance's contention that his due process rights were violated by the administrative hearing officer or when the City provided the trial court with the administrative record after the hearing. Nance's other claims either have no merit or have been waived. Thus, we affirm.

¶ 3                                    Background

¶ 4        On February 4, 2019, the City of Burbank issued a Notice of Red Light Violation to Fred L. Nance, Jr. The notice alleged that on January 15, 2019, a vehicle registered to Nance ran a red light at the corner of 79th Street and Harlem Avenue. The notice included three photographs depicting the violation and noted that video footage of the violation could be viewed on a website. The notice required Nance to pay a $100 fine. Nance contested the notice, in writing, and the City held an administrative hearing. At the hearing, the administrative hearing officer viewed the video footage and determined that Nance slowed but failed to come to a complete stop before making a right turn in violation of section 5/11-306(c)(3) of the Illinois Vehicle Code. 625 ILCS 5/11-306 (West 2018). Nance argued this section does not state how many seconds a vehicle needs to stop at the red light. The administrative hearing officer agreed but found that Nance's vehicle never came to a complete stop and upheld the violation.

¶ 5        Nance filed a *pro se* complaint for administrative review in the circuit court. The City provided the trial court with a copy of the notice of the violation, the video of the violation, and the audio of the administrative hearing. The trial court affirmed the decision of the administrative hearing officer but stayed imposing the fine pending Nance's appeal.

¶ 6                                    Analysis

¶ 7                                    *Standard of Review*

¶ 8        We review the administrative decision rather than the trial court's decision. *Wortham v. City of Chicago Department of Administrative Hearings*, 2015 IL App (1st) 131735, ¶ 13. "The standard of review, 'which determines the degree of deference given to the agency's decision,' turns on whether the issue presented is a question of fact, a question of law, or a mixed question of law and fact." *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455, 471 (2005) (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390 (2001)). Factual determinations from the administrative agency are considered *prima facie* true and correct. *Id*. We do not reweigh the evidence before the agency; instead, we determine whether the agency's decision is against the manifest weight of the evidence. *Abrahamson v. Illinois Department of Professional Regulation,* 153 Ill. 2d 76, 88, (1992).

¶ 9        "A mixed question of law and fact asks the legal effect of a given set of facts." *Comprehensive Community*, 216 Ill.2d at 472. Stated another way, a mixed question occurs when the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or whether the rule of law as applied to the established facts is or is not violated. *AFM Messenger*, 198 Ill. 2d at 391. We review a mixed question of law and fact under the clearly erroneous standard. *Comprehensive Community*, 216 Ill. 2d at 472. Nance's primary contention—that the City violated his due process rights by failing to provide a sufficient record to the trial court—involves a mixed question of law and fact, to which we apply the clearly erroneous standard of review.

¶ 10                              *Sufficiency of the Administrative Record*

¶ 11        Nance does not contest the administrative hearing officer's finding that he violated section 5/11-306(c)(3) of the Illinois Vehicle Code by making a right turn at a red light without coming to

a complete stop. (We have viewed the video and conclude that the hearing officer's finding of fact is not against the manifest weight of the evidence.) Instead, Nance argues a violation of his due process rights because the City failed to provide the trial court a sufficient record from the administrative proceeding. Specifically, Nance contends (i) the administrative record the City provided to the trial court was not certified and (ii) the record was not complete, because it did not include a report from the red light technician or the police officer who reviewed the technician's report.

¶ 12 An administrative agency has a duty to provide the trial court with a sufficiently complete record of proceedings as its answer to a complaint so that trial court may properly perform its judicial review function. *Mueller v. Board of Fire and Police Commissioners of Village of Lake Zurich*, 267 Ill. App. 3d 726, 733 (1994). Section 3-108(b) of the Illinois Administrative Review Law requires the municipality that conducted the hearing to file an answer with the circuit court consisting "of the original or a certified copy of the entire record of the proceedings under review, including such evidence as may have been heard by it ***." 735 ILCS 5/3-108(b) (West 2018).

¶ 13 The City states it provided the trial court with a copy of the citation notice, the original audio recording of the administrative hearing, and a copy of the video of Nance's alleged red light violation. It does not assert it provided a "certified copy of the entire record of proceedings." Nonetheless, the City's failure to provide a certified copy of the administrative record would not constitute grounds for reversal absent a showing of prejudice. *Quinlan v. Board of Fire and Police Commissioners of City of Harrisburg*, 27 Ill. App. 3d 286 (1975) (police board's failure to provide trial court with city's rules and regulations of police department did not prejudice police chief against whom disciplinary action was being taken where city ordinance proscribing conduct unbecoming a police officer provided sufficient basis for review). The documents the City

provided to the trial court sufficed for purposes of the court to review the hearing officer's decision. Nance does not contend the video or photographs were doctored or that they do not depict the red light violation involving his vehicle. Because the City provided the trial court with the documents needed to review the hearing officer's decision, Nance was not prejudiced by the City's failure to provide a certified copy of the administrative record.

¶ 14    As for the other alleged errors, Nance cites no section of the Illinois Vehicle Code that requires the City to provide the trial court a written copy of the report from the red light technician or a report from the police officer who reviewed the technician's findings, nor have we found one. The City provided the trial court with a copy of the red light citation, an audio recording of the administrative hearing, as well as the video evidence of Nance's violation, which were part of the administrative record. A report from the red light technician or the police officer who confirmed the violation were not part of the administrative record, and no rule or law requires the City provide them to the trial court.

¶ 15                         *Other Due Process Claims*

¶ 16    Nance alleges the administrative hearing officer made other errors that violated his due process rights. First, he suggests the hearing officer was not a licensed attorney and misrepresented her name at the hearing by not providing her full name.

¶ 17    We may take judicial notice of information on a public website. *People v. Clark*, 406 Ill. App. 3d 622, 633-34 (2010). The website of the Attorney Registration and Disciplinary Commission shows that the hearing officer became an Illinois licensed attorney in 2004 and is currently registered as an attorney under the name Robyn Molaro King. Use of Molaro rather than Molaro King was not a misrepresentation for purpose of the hearing. In any event, Nance does not explain how the hearing officer's identification of herself violated Nance's due process rights.

¶ 18       Nance also argues Molaro violated his due process rights by not putting witnesses under oath. For support Nance relies on section 11-208.3(b)(4) of the Code, which states that "the person conducting the hearing on behalf of the traffic compliance administrator shall be empowered to administer oaths." 625 ILCS 11-208.3(b)(4) (West 2018.) The statute's plain language empowers but does not require the hearing officer to administer oaths. And, any suggestion that Nance was prejudiced by the lack of an oath has no merit, as he was the only witness.

¶ 19       Nance raises several issues for the first time on appeal. Arguments raised for the first time on appeal are waived. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212-13 (2008). Thus, they are waived.

¶ 20                               *Claims involving the Trial Court*

¶ 21       Nance raises several allegations contending the trial court abused its power and violated his due process and first amendment rights in its handling of his motion for substitution of judge. As noted, in administrative review cases we review the decision of the administrative hearing officer rather than the proceedings in the circuit court. *Wortham*, 2015 IL App (1st) 131735, ¶ 13. Thus, we will not address any alleged errors by the trial court.

¶ 22                               *Red Light Camera System*

¶ 23       Nance argues the red light camera system constitutes an improper revenue generating scheme for the City. Nance has waived this claim by failing to raise it in the administrative hearing. *Cinkus*, 228 Ill. 2d 212-13. Further, in *Fischetti v. Village of Schaumburg*, 2012 IL App (1st) 111008, ¶ 16, this court held that no fundamental rights were implicated by a municipality imposing a $100 traffic fine for the running of a red light. We agree with *Fischetti*'s analysis and will not revisit it.

¶ 24       Affirmed.